THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LANAHAN, Appellant.

Third Department, June 19, 1980

### APPEARANCES OF COUNSEL

*E. Stewart Jones, Jr.,* for appellant.

*Sol Greenberg, District Attorney (George H. Barber* of counsel), for respondent.

### OPINION OF THE COURT

HERLIHY, J.

The sole issue upon this appeal is whether or not the trial court erred in denying the defendant's motion to suppress an admission of guilt made after arrest.

At the suppression hearing held herein, the People presented the testimony of one police officer, Frank P. Connelly, an investigator with the New York State Bureau of Criminal Investigation. Connelly testified that on February 9, 1978 he placed the defendant under arrest and recited to the defendant his *Miranda* rights to remain silent and have an attorney; that the defendant acknowledged he understood these rights; that the defendant wanted to know what he was charged with; that Connelly responded that he would explain the details when "I get to the barracks"; that he brought the defendant to the barracks, did some paperwork, brought defendant into his office, removed the handcuffs and again recited the *Miranda* rights; and that he then recited the details of the charge as robbery of a gas station, stating also: "You did the job with a kid by the name of Lawless. You used Lawless's car, you parked the car behind the bank, which is about a block behind the Gasland gas station, walked through the fields, stood behind the wooden fence. When the girl came out with the two moneybags, both of you stepped out from behind the fence. You told her to throw the money over and she threw you the money. Then you asked—one of you asked her for the car keys, told her not to do anything stupid, got in behind the fence again, ran back to the car and drove to your house and split the money up." Connelly further testified that: "I said that is the robbery that you are charged with * * *. He said, I did it."

The defendant contends that the trial court erred in denying his motion to suppress the admission of guilt; however, the record amply supports the conclusion of the trial court that the admission was made "spontaneously" and, accordingly, there was no involuntariness. Upon appeal the defendant calls our attention to the case of *People v Samuels* (49 NY2d 218), decided since the defendant's conviction. While the defendant's physical situation falls squarely within the ambit of *Samuels* (see, also, *People v Cullen,* 50 NY2d 168), it nevertheless affords no relief as to a spontaneous declaration (see *People v Lynes,* 49 NY2d 286, 293-295; cf. *Rhode Island v Innis,* 446 US —, 48 USLW 4506).

The judgment should be affirmed.

GREENBLOTT, J. P., KANE, STALEY, JR., and MIKOLL, JJ., concur.

Judgment affirmed.