■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON SWEET, Appellant.—Appeal from a judgment of the County Court of Otsego County, rendered October 22, 1979, convicting defendant upon his plea of guilty of the crime of burglary in the second degree. The defendant first contends that the trial court should have suppressed a statement made by him immediately following his apprehension and arrest. However, the statement was spontaneous and does not fall within the ambit of *People v Samuels* (49 NY2d 218). (See *People v Lanahan,* 75 AD2d 185.) The record reveals that the plea to burglary in the second degree was in satisfaction of an indictment charging burglary in the first degree and the sentence imposed was the minimum required by law. The contention that the plea of guilty reflects ineffective or incompetent trial counsel has no substance. Judgment affirmed. Staley, Jr. J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK SPRAGUE, Appellant.—Appeal from a judgment of the County Court of Sullivan County, rendered December 28, 1979, revoking defendant's probation, following his conviction of grand larceny in the second degree. Defendant initially pleaded guilty to the crime of grand larceny in the second degree (a class D felony) on October 8, 1976, and was sentenced to five years of probation. The plea was premised upon the embezzlement of large sums of money from a bank account belonging to the Liberty Cemetery Association and a condition of probation was that he would mow and cut the cemetery's grass during the grass growing season. The defendant, on March 8, 1979, was charged with being in violation of several conditions of probation. On October 31, 1979, he pleaded guilty to the charges and on December 28, 1979 was sentenced to an indeterminate term of 0 to 5 years' incarceration. Under the circumstances, the sentence imposed was not excessive. Judgment affirmed. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.