### (June 18, 1981)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY A. KNAPP, Appellant. — Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered July 3, 1978, upon a verdict convicting defendant of the crime of murder in the second degree. Linda Velzy, a student attending the State University College at Oneonta, was last seen alive on December 9, 1977. An intensive investigaton to discover her whereabouts was undertaken by the City of Oneonta Police Department in conjunction with the New York State Police and the campus security police. Acting on information furnished them by an informant, the authorities apprehended defendant Knapp on January 1, 1978 while he was attempting to drag the young woman's frozen body from the trunk of a car to a previously excavated gravesite. While being grappled to the ground, he allegedly cried out, "I am sorry, I am sorry. I killed her. I am no good. Please shoot me." Of the many issues defendant raises, only one, the trial court's denial of his motion to suppress a three-page typewritten confession, warrants comment. That statement was made in the absence of counsel at a time when the police were aware that defendant had retained an attorney with respect to pending unrelated sodomy and unlawful imprisonment charges lodged against him and after a city police detective had been advised by the attorney not to question Knapp regarding Miss Velzy's disappearance. As indicated by the case law in this area, developed since the trial herein was completed, the confession should have been suppressed (People v Albro, 52 NY2d 619; People v Kazmarick, 52 NY2d 322; People v Bell, 50 NY2d 869; People v Rogers, 48 NY2d 167). Here, however, the evidence of defendant's guilt was so overwhelming that the written confession was merely surplusage. A reading of the record leads to but one conclusion: there is no reasonable possibility that admission of this confession contributed to defendant's convic-

. tion. Since we view its admission as harmless error (see *People v Almestica*, 42 NY2d 222), the judgment is affirmed. Judgment affirmed. Sweeney, J.P., Main, Yesawich, Jr., and Herlihy, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. I agree with the majority that the confession should have been suppressed. However, I cannot agree with the majority's conclusion that "there is no reasonable possibility that admission of this confession contributed to defendant's conviction" and that its admission was "harmless error" (see *People v Almestica*, 42 NY2d 222). I, therefore, am compelled to vote to reverse and order a new trial. The trial court charged the jury that to find the defendant guilty of murder in the second degree they, *inter alia*, "have got to find that the deceased, Linda Jill Velzy, was alive at the time mentioned in the second count of the indictment and that medical facilities were available within a reasonable time to be of any assistance to her". As the prosecutor stresses in the People's brief submitted on this appeal, defendant's statement furnished that significant proof. The statement in question indicates that after the girl's exit from the vehicle, defendant stopped and found her "moaning" and "semi-conscious". He states that he put her in his car and that "all I could think of was getting her to a hospital". The prosecutor in his summation also mentioned to the jury that in his signed confession defendant stated that he "put her in the car moaning and unconscious in the back seat and was first going to take her to the hospital". In my view, this evidence was essential to the prosecution's case and for that reason I am unable to agree with the majority that there is no reasonable possibility its admission did not contribute to defendant's conviction *(People v Crimmins, 36 NY2d 230, 237)*. The judgment should be reversed, the confession suppressed and a new trial ordered.