■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL GILLESPIE, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered October 17, 1979, upon a verdict convicting defendant of two counts of the crime of sexual abuse in the second degree. Defendant, aged 68, was indicted and charged with three counts of rape in the second degree and two counts of sexual abuse in the second degree, all involving a 12-year-old girl. Upon trial, two of the counts of rape were dismissed and defendant was acquitted of the third count. He was found guilty of the two counts of sexual abuse and sentenced to two consecutive terms of one year in jail. This appeal ensued. Based upon the victim's accusatory statement, the New York State Police obtained a warrant for defendant's arrest. The following day defendant was arrested. During transportation to the police barracks and after *Miranda* warnings were given, defendant and the officer engaged in a dialogue during which defendant made uncounseled inculpatory admissions, which the trial court refused to suppress. Upon trial, the only corroboration of the victim's testimony was the admissions as testified to by police officers. On this appeal, we are called upon to determine the admissibility of those statements. The prosecution denies that the statements were made during custodial interrogation, insisting they were spontaneous and voluntary. Defendant, on the other hand, contends that the statements were not spontaneous and voluntary and should have been suppressed pursuant to *People v Samuels* (49 NY2d 218). It is undisputed that defendant was not represented by counsel when he waived his right to remain silent after his arrest pursuant to an information and warrant. It is now well established that the right to counsel indelibly attaches' upon the filing of an accusatory instrument and may not be waived except in the presence of counsel *(People v Cunningham,* 49 NY2d 203; *People v Samuels,* 49 NY2d 218, 222-223, *supra; People v Settles,* 46 NY2d 154). This inflexible rule, given retroactive effect to cases on direct appeal in *People v Pepper* (53 NY2d 213), requires us to reverse the conviction unless the inculpatory statements may be found to have been voluntary and spontaneous. At the suppression hearing, the officer who arrested defendant testified that after defendant initiated a conversation by questioning the charges he was informed of his *Miranda* rights. The officer said, "I then asked him if, having these rights in mind, he wished to talk to us about the case and he said yes, he would." Upon this record it is not possible to characterize anything defendant thereafter said as voluntary or spontaneous, since it was not a blurted-out admission, but instead the product of a discussion

between defendant and the officer *(People v Lucas,* 53 NY2d 678, 680; *People v Cunningham,* 49 NY2d 203, *supra).* The record simply does not support the contention that the admissions were not the product or result of inducement, provocation, encouragement or acquiescence, no matter how subtly employed *(People v Stoesser,* 53 NY2d 648, 650; *People v Maerling,* 46 NY2d 289, 302-303). Thus, since the statements were not voluntary or spontaneous, the retroactive application of *Samuels* to this direct appeal requires that defendant's conviction be reversed and a new trial ordered. Judgment reversed, on the law, and a new trial ordered. Mahoney, P. J., Sweeney, Kane, Mikoll and Weiss, JJ., concur.