■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH RIVERS, Appellant. — Appeal from a judgment of the County Court of Clinton County (Feinberg, J.), rendered June 3, 1980, upon a verdict convicting defendant of four counts of the crime of criminal possession of a forged instrument in the second degree and four counts of petit larceny. As a result of incidents which allegedly occurred between February 9, 1979 and March 6, 1979 wherein defendant possessed and cashed nine checks at the behest of two other men, defendant was charged in two indictments with nine counts of criminal possession of a forged instrument in the second degree (Penal Law, § 170.25) and nine counts of petit larceny (Penal Law, § 155.25). Following a jury trial, a guilty verdict was returned on four counts of criminal possession of a forged instrument in the second degree and four counts of petit larceny, these counts relating to the last four checks that were cashed. Defendant was then sentenced to indeterminate terms not to exceed three years on the possession charges and to terms of one year each on the petit larceny charges, the sentences being concurrent. On this appeal defendant argues that two inculpatory statements which he gave to the police should have been suppressed. As to the first of these statements, however, even though it was made at a critical stage of the criminal proceedings after defendant had been taken into custody pursuant to the filing of a felony complaint and arrest warrant (see *People v Samuels,* 49 NY2d 218), we find that it constituted a spontaneous declaration in no way induced, provoked or encouraged by the police, and such being the case, it was properly admitted into evidence *(People v Lynes,* 49 NY2d 286; *People v Lanahan,* 75 AD2d 185). The circumstances surrounding this statement were that defendant had been arrested and advised of his *Miranda* rights and was routinely being booked when he asked Police Officer Richard Heckard why he was being charged with the same crimes as the other two men allegedly involved in the check-cashing scheme. Heckard stated that defendant was as guilty of the crimes as the other two men if he had a part in the cashing of the forged checks, and defendant immediately replied that he had done nothing wrong because the checks were not his, he had not made them out or signed them and, most significantly, he had not known that the checks

were forgeries until a couple of them had been cashed. Clearly, under these circumstances, there was no extended discussion between defendant and Officer Heckard regarding the charges against defendant, nor did the officer inform defendant of other incriminating evidence which the police had obtained against him and thereby cause him to give the inculpatory statement. Rather, in response to defendant's question, the officer made a brief reply which was correct and proper, and it cannot realistically be described as an attempt to induce, provoke or encourage an incriminating statement from defendant. Such being the case, the situation presented here is unlike those in *People v Lucas* (53 NY2d 678) and *People v Gillespie* (83 AD2d 712) because the statement presently at issue was truly spontaneous and not the product of police interrogation or of an ongoing conversation with the police. Accordingly, the court's failure to suppress this statement was not error. Regarding the second inculpatory statement made after defendant's arrest when he was being driven to his arraignment, the People concede that this was the product of police interrogation at a critical stage in the criminal proceedings and is, therefore, suppressible under the holding in *People v Samuels (supra)*. Nonetheless, the failure to suppress was harmless error because the statement was inculpatory to the extent that defendant admitted his knowledge that some of the checks were forgeries when they were cashed, and he had already made substantially the same admission in the spontaneous declaration discussed above. When this factor is considered together with the other overwhelming evidence of defendant's guilt which was presented, there is no reasonable possibility that the failure to suppress the second inculpatory statement contributed to defendant's conviction, and, consequently, the admission of this statement into evidence does not require reversal *(People v Crimmins,* 36 NY2d 230; see, also, *People v Knapp,* 82 AD2d 971). Defendant's remaining contentions are likewise lacking in substance. Since the offenses in the two indictments are defined by the same statute (CPL 200.20, subd 2, par [c]) and proof of one of the offenses would have been admissible to prove the other counts as evidence of intent or of a common plan or scheme (CPL 200.20, subd 2, par [b]), the indictments were properly joined for trial, and there was also plainly ample evidence to support the guilty verdicts. As for the People's cross-examination of defendant, no reference was made therein to a charge against defendant which had been dismissed. Judgment affirmed. Kane, J.P., Main, Mikoll, Weiss and Herlihy, JJ., concur.