■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEDRIC MCCANTS, Appellant. [598 NYS2d 474] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.) rendered May 22, 1991, convicting defendant, after jury trial, of burglary in the third degree, grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, two counts of petit larceny, and two counts of criminal possession of stolen property in the fifth degree, and sentencing him to concurrent terms of three and one-half to seven years for the burglary, two to four years for the grand larceny in the fourth degree, two to four years for criminal possession of stolen property in the fourth degree, six months for one count of criminal possession of stolen property in the fifth degree, and six months for one count of petit larceny, to run

consecutive with concurrent terms of six months for the second count of petit larceny, and six months for the second count of criminal possession of stolen property in the fifth degree, unanimously affirmed.

On three occasions, store detectives observed defendant enter the men's department, act suspiciously, take merchandise, and exit the department without paying for the merchandise. On one occasion, defendant neglected to remove a security device. On another occasion, defendant forcibly removed a security device from the clothing. Each time defendant concealed the stolen merchandise on his arm, under his own coat. On one occasion, the store detective recognized defendant as one who engaged in a theft two months previous. In each case, the price tags remained on the clothing, and defendant could not produce a receipt.

Defendant's guilt of each larceny was clearly established *(People v Olivo,* 52 NY2d 309). After the first theft in one store, defendant voluntarily signed that store's trespass notice, which placed defendant on notice that his privilege to enter the store was revoked, and that upon any reentry, defendant would be committing trespass. The pattern of conduct established by defendant's other thefts proved beyond a reasonable doubt that, upon entering the store, defendant did so with the intent to commit thefts therein. This was sufficient to support the burglary charge.

We find no basis to disturb the order denying defendant's severance motion. Joinder was proper under CPL 200.20 (2) (b) and (c). Additionally, defendant failed to show good cause for severance, or undue prejudice *(People v Lane,* 56 NY2d 1, 7). We have considered defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Kupferman, Kassal and Nardelli, JJ.