■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN M. REMINGTON, Appellant. [758 NYS2d 588] —Appeal from a judgment of Niagara County Court (Broderick, Sr., J.), entered April 22, 1999, convicting defendant after a jury trial of, inter alia, unauthorized use of a vehicle in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of unauthorized use of a vehicle in the third degree (Penal Law § 165.05 [2]) and unlawfully dealing with a child in the first degree (§ 260.20 [2]), defendant contends that County Court erred in denying his motion for a directed verdict and trial order of dismissal with respect to the charge of unlawfully dealing with a child. Because defendant's motion to dismiss that charge was a general one not " 'specifically directed' at the alleged error" asserted on appeal, defendant has failed to preserve for our review his present contention concerning the legal sufficiency of the evidence to support that charge (*People v Gray,* 86 NY2d 10, 19 [1995]). In any event, that contention lacks merit because in his statement to the police, which was received in evidence, defendant admitted that he gave alcohol to the 17-year-old complainant, thereby admitting that he violated Penal Law § 260.20 (2).

Defendant was sentenced to two definite terms of incarceration of one year on April 22, 1999, one to run consecutively to the other. Even assuming that defendant's present challenge to

the legality of consecutive sentencing is not moot, we conclude that consecutive sentencing was permissible because "the crimes [were] committed through separate and distinct acts, even though part of a single transaction" (*People v Salcedo*, 92 NY2d 1019, 1021 [1998]; *see People v Ramirez*, 89 NY2d 444, 451 [1996]; *People v Brown*, 80 NY2d 361, 363-364 [1992]). Present—Pigott, Jr., P.J., Green, Pine, Burns and Gorski, JJ.