THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERGUSON IGBINOSUN, Appellant. [833 NYS2d 803]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered November 14, 2005. The judgment convicted defendant, upon a jury verdict, of scheme to defraud in the first degree, grand larceny in the third degree, grand larceny in the fourth degree (two counts), forgery in the second degree (four counts), and criminal possession of a forged instrument in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, scheme to defraud in the first degree (Penal Law § 190.65 [1] [b]), grand larceny in the third degree (§ 155.35), and two counts of criminal possession of a forged instrument in the second degree (§ 170.25). Defendant contends that he was denied effective assistance of counsel based on, inter alia, defense counsel's failure to register a timely objection to the testimony of a prosecution witness that defendant's fingerprint card listed three aliases. Defense counsel's belated objection to that testimony was not sustained, and defendant has failed to show that a timely objection would have been sustained (*see generally People v Matthews*, 27 AD3d 1115, 1116 [2006]). The record establishes that defense counsel pursued a credible trial strategy with respect to the evidence linking defendant to the crimes, based on County Court's pretrial rulings, and we conclude that defendant was not denied effective assistance of counsel (*see generally People v Flores*, 84 NY2d 184, 187 [1994]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

Contrary to defendant's further contention, the sentence is not unduly harsh or severe. Although defendant may be deported upon completion of his sentence, that fact alone does not warrant a downward modification of his sentence. Also contrary to defendant's contention, the court's imposition of consecutive sentences was proper inasmuch as " 'the crimes [for which consecutive sentences were imposed were] committed through separate and distinct acts' " (*People v Remington*, 305 AD2d 1021, 1022 [2003], *lv denied* 100 NY2d 598 [2003]; *see*

*People v Salcedo,* 92 NY2d 1019, 1021 [1998]; *People v Ramirez,* 89 NY2d 444, 451 [1996]).

We have examined defendant's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Centra, Lunn, Peradotto and Pine, JJ.