(December 16, 2010)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANTZY J. RODNEY, Appellant. [912 NYS2d 340]—

Lahtinen, J. Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered March 27, 2008, upon a verdict convicting defendant of the crime of criminal possession of a forged instrument in the first degree (two counts).

Defendant and three others were traveling from New York City to the City of Buffalo, Erie County on September 16, 2006 when, shortly after 6:00 P.M., they stopped at a drug store in the City of Cortland, Cortland County. Defendant purchased baby wipes in the store with a $100 bill that later proved to be counterfeit. Approximately two hours later, defendant entered a Hess Mart in the City of Cortland and attempted to purchase a bottle of water and pack of cigarettes with a $100 bill. When the store employee indicated suspicion about the $100 bill, defendant promptly left the premises without his purchase or the $100 bill, which subsequently was determined to be counterfeit. The Hess Mart employee immediately notified police, and defendant and his companions were soon located and stopped. A search warrant was obtained for the vehicle, resulting in police discovering, among other things, receipts for various purchases, including from the drug store, as well as four counterfeit $100 bills hidden in the vehicle's ceiling. Defendant was indicted on two counts of criminal possession of a forged instrument in the first degree and, following a jury trial, he was convicted on both counts. County Court sentenced him to two consecutive prison terms of 3 to 9 years. He now appeals.

We are unpersuaded by defendant's argument that County Court erred in denying his motion to sever the two counts of the indictment. "[T]he People may join multiple offenses in an indictment . . . if they are of such a nature that proof of either offense would be material and admissible as evidence-in-chief upon the trial of the other" (*People v Carter*, 74 AD3d 1375, 1378 [2010], *lv denied* 15 NY3d 772 [2010] [internal quotation

marks and citations omitted]; *see* CPL 200.20 [2] [b]; *People v Bongarzone*, 69 NY2d 892, 895 [1987]). Here, proof of each count was admissible to show a common scheme or plan and intent to defraud with respect to the other count (*see People v McCants*, 194 AD2d 301, 301-302 [1993], *lv denied* 82 NY2d 722 [1993]; *People v Washpun*, 134 AD2d 858, 858 [1987], *lv denied* 70 NY2d 1012 [1988]; *People v Rivers*, 83 AD2d 978, 979 [1981], *affd* 56 NY2d 476 [1982]). Defendant's severance motion was thus properly denied (*see People v Carter*, 74 AD3d at 1378). Moreover, we note that even if CPL 200.20 (2) (b) had not been applicable, the counts were joinable under CPL 200.20 (2) (c) and County Court's denial of the motion was well within its discretion under the facts of this case (*see e.g. People v Casiano*, 138 AD2d 892, 894 [1988], *lv denied* 72 NY2d 857 [1988]).

Defendant next contends that County Court's *Ventimiglia* ruling improperly permitted the People to introduce evidence that showed criminal propensity and that was unduly prejudicial. "Evidence of a prior uncharged crime may not be admitted solely to demonstrate a defendant's bad character or criminal propensity, but may be admissible if linked to a specific material issue or fact relating to the crime charged, and if its probative value outweighs its prejudicial impact" (*People v Blair*, 90 NY2d 1003, 1004-1005 [1997] [citations omitted]; *see People v Dorm*, 12 NY3d 16, 19 [2009]; *People v Moore*, 59 AD3d 809, 811-812 [2009]). In their *Ventimiglia* application, the People sought to introduce in their case evidence that defendant offered another counterfeit $100 bill at another business earlier on September 16, 2006, defendant's companions possessed counterfeit $100 bills at various times and places that day, and the police recovered in their search of the vehicle and persons therein additional counterfeit $100 bills as well as considerable cash. County Court granted the People's application only with respect to items recovered during the search of the vehicle and denied it as to various other acts of defendant and his companions occurring on September 16, 2006. Since the items recovered in the vehicle were relevant to intent and defendant's participation in a scheme of converting $100 counterfeit bills to real currency through a series of small purchases, it was admissible (*see generally People v Gillyard*, 13 NY3d 351, 355 [2009]). County Court balanced the probative value against the potential for prejudice, and its determination was well within its discretion.

Defendant's arguments regarding the charge are also unavailing. There was both direct and circumstantial evidence of defendant's guilt and, thus, contrary to defendant's assertion, he was not entitled to a circumstantial evidence charge (*see People*

*v Barnes*, 50 NY2d 375, 380 [1980]; *People v Cooley*, 69 AD3d 1058 [2010]; *People v Hoffler*, 41 AD3d 891, 893 [2007], *lv denied* 9 NY3d 962 [2007]). His request for a missing witness charge regarding a codefendant who had earlier pleaded guilty and was in the process of being deported was untimely since it was not made until after the close of proof (*see People v Turner*, 73 AD3d 1282, 1283-1284 [2010]).

Finally, we consider defendant's contention that his sentence was harsh and excessive. Although pending charges against defendant in another county as well as uncharged prior acts were mentioned early in the sentencing proceeding, County Court specifically stated at the time it imposed the sentence that neither the pending charges nor the uncharged crimes were factors in its sentence. The sentence imposed on each count was less than the maximum authorized for the class C felony of which defendant was convicted. The two crimes were committed by separate and distinct acts and, thus, the consecutive sentences were authorized (*see People v Salcedo*, 92 NY2d 1019, 1021 [1998]; *People v Strickland*, 77 AD3d 1019, 1021 [2010]; *People v Igbinosun*, 39 AD3d 1257, 1257-1258 [2007], *lv denied* 9 NY3d 866 [2007]). Defendant had prior convictions, exhibited no remorse, was in the country illegally and had multiple aliases and Social Security numbers. County Court did not abuse its discretion, and we are unpersuaded that there are extraordinary circumstances meriting the reduction of the sentence in the interest of justice (*see People v Litchfield*, 63 AD3d 1445 [2009]; *People v Bruno*, 63 AD3d 1297, 1300-1301 [2009], *lv denied* 13 NY3d 858 [2009]). Defendant's assertion that the sentence constitutes constitutionally prohibited cruel and unusual punishment is without merit (*see generally People v Thompson*, 83 NY2d 477, 479-480 [1994]; *People v Broadie*, 37 NY2d 100, 111-112 [1975], *cert denied* 423 US 950 [1975]).

Cardona, P.J., Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed.