People v Dosamantes (2020 NY Slip Op 01118)





People v Dosamantes


2020 NY Slip Op 01118


Decided on February 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 18, 2020

Acosta, P.J., Kapnick, Moulton, González, JJ.


11040 3339/16

[*1] The People of the State of New York, Respondent,
v
Celia Dosamantes, Defendant-Appellant.


Mischel & Horn, P.C., New York (Richard E. Mischel of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Brent Ferguson of counsel), for respondent.



Judgment, Supreme Court, New York County (Kevin B. McGrath, J. at motion; A. Kirke Bartley, Jr., J. at jury trial and sentencing), rendered April 20, 2018, convicting defendant, after a jury trial, of offering a false instrument for filing in the first degree (31 counts) and attempted grand larceny in the third degree, and sentencing her to an aggregate term of four months of intermittent imprisonment to be served on weekends, 400 hours of community service and five years' probation, unanimously affirmed. The matter is remitted to Supreme Court for further proceedings pursuant to CPL 460.50(5).
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence supports the conclusion that defendant, a candidate for City Council, was personally responsible for the submission of false contribution documents to the Campaign Finance Board, with knowledge of their falsity and with the intent to obtain matching funds to which she was not entitled. Defendant's particular challenge to the sufficiency of the evidence supporting seven counts of offering a false instrument for filing in the first degree is unavailing. While the donors involved in the other counts testified to the falsity of the documents with regard to their purported contributions to defendant's campaign, the seven donors at issue did not testify. Nevertheless, the People established the falsity of these documents through extensive circumstantial evidence, including proof that submission of these documents was part of the same pattern of conduct that was involved in the 22 instances where falsity was proven by direct testimony (see e.g. People v McCants, 194 AD2d 301, 302 [1st Dept 1993], lv denied 82 NY2d 722 [1993]).
The motion court properly denied, as untimely (see CPL 255.20[1], 710.40[1]), defendant's third motion to suppress, in which she sought to challenge an additional seizure not addressed in her earlier motions. Defendant did not demonstrate that she lacked a reasonable opportunity to make the motion earlier, or any other good cause for the delay (see People v Mason, 157 AD3d 439, 440 [1st Dept 2018], lv denied 31 NY3d 985 [2018]). Because defendant was undisputedly present at a compliance interview when an auditor acquired a folder, defendant would know whether it was taken without a warrant or consent, regardless of whether the grand jury minutes, allegedly received later, revealed that they were taken in that manner. Thus, "[f]rom the inception of the case, defendant could have provided [her] attorney with sufficient information to raise this issue in a timely fashion" (People v Glover, 66 AD3d 532, 533 [1st Dept 2009], lv denied 14 NY3d 800 [2010]).
Defendant did not preserve any of her arguments regarding evidentiary matters and the People's summation, and we decline to review them in the interest of justice. As an alternative holding, we find that to the extent there were any improprieties,
they did not deprive defendant of a fair trial, and any error was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 18, 2020
CLERK