■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE FUENTES-BORDA, Appellant.—Appeal from judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered January 26, 1990, convicting defendant, on his plea of guilty, of criminal possession of a controlled substance in

the second degree, and sentencing him to 7 years to life imprisonment, is held in abeyance, the order denying defendant's motion for a hearing on suppression of physical evidence is reversed, on the law, and the matter is remitted for such a hearing.

On a tip from a confidential informant, drug task force officers kept defendant and a companion under surveillance for several hours as the pair shuttled back and forth between two Queens apartments, carrying heavy bags. At one point the pair were observed exiting one of the apartments, locking the door behind them, carrying a heavy gym bag. According to the police, the two were arrested as they were about to place this bag, later found to hold cocaine, in the trunk of their car.

In moving for a *Mapp* hearing, defendant stated that he and his companion were seated in their car when the officers approached at gunpoint, arrested them, and then broke into the trunk to seize the bag. The officers later used the key, seized from defendant, to enter the apartment, where they discovered an additional quantity of cocaine. Defendant and his companion denied they had been in the apartment, and denied any proprietary interest in the gym bag, which they claimed they had found in a park. The denial of a *Mapp* hearing was based on lack of standing, defendant having failed to allege a sufficient privacy interest in the apartment or the bag.

In order to challenge a search and seizure, defendant must demonstrate a personal and legitimate expectation of privacy in the searched premises *(People v Wesley,* 73 NY2d 351). Defendant never did assert such personal standing. However, the police observations of defendant and his companion entering, exiting and locking the apartment established a privacy interest sufficient to confer standing on defendant to challenge the police invasion of the apartment *(People v Gonzalez,* 68 NY2d 950). With regard to the gym bag, the conceded possession at some point supplied the element of standing, and the conflicting stories created an issue of fact for resolution at a suppression hearing *(People v Sierra,* 179 AD2d 601, *lv dismissed* 79 NY2d 1054). Concur—Sullivan, J. P., Carro, Milonas and Wallach, JJ.

Kupferman, J., dissents in a memorandum as follows: I would affirm.

The defendant pleaded guilty and so the only issue is whether there should be suppression of physical evidence.

The direction by this Court that there should be a hearing

is another example of an undue burden being imposed on the criminal justice system *(see, People v Davis,* 169 AD2d 379, 382 [Kupferman, J., dissenting]).

Defendant's motion to suppress was properly denied without a hearing *(People v Gomez,* 67 NY2d 843, 844), his moving papers being devoid of any allegations that would support a finding of a reasonable and legitimate privacy interest with respect to any of the searched premises or items *(People v Wesley,* 73 NY2d 351, 357).

"[T]here is a vacuum of reasonable or legitimate indicia of privacy supporting any standing requirements." *(People v Rodriguez,* 69 NY2d 159, 165.)

With respect to the gym bag, both defendant and the co-defendant denied any possessory interest therein *(see, People v Wesley, supra).* In light of all the surrounding circumstances, defendant failed to meet his burden of demonstrating standing *(see, People v Rodriguez, supra,* at 162-163).