■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE DELGADO, Appellant. [612 NYS2d 154] —Judgment of the Supreme Court, Bronx County (Arlene Silverman, J.), rendered January 22, 1991, convicting defendant, upon his guilty plea, of criminal possession of a controlled substance in the fifth degree, and sentencing him to an indeterminate term of imprisonment of from 2 to 4 years, unanimously affirmed.

Pursuant to a search warrant, police recovered 173 vials of cocaine from the bedroom of an apartment located at 421 East 157th Street, Bronx County. Defendant, who was arrested at the premises, claimed that he was visiting his paramour, Lydia Rivera. His motion to suppress the evidence was originally denied for lack of standing (CPL 710.60 [3]) on the inappropriate ground that defendant did not reside at the premises *(Minnesota v Olson,* 495 US 91). This Court remanded the case for a *Mapp* hearing *(People v Fuentes-Borda,* 186 AD2d 405) to determine if defendant had a reasonable expectation of privacy *(United States v Salvucci,* 448 US 83) as an overnight guest of Ms. Rivera *(People v Cordoba,* 179 AD2d 404).

Supreme Court found that, at the time the search warrant was executed, defendant resided in Flushing, Queens in an apartment he had shared with Lydia Rivera for 2 or 3 years. Ms. Rivera had gone to the Bronx apartment temporarily after her stepfather, the alleged lessee, was jailed on unspecified charges. Defendant continued to reside in the Queens apartment, and all his clothing and furnishings remained there. Defendant testified that he had gone to the Bronx apartment to repair some windows, taking a change of clothes with him. He said that he had never previously stayed at that apartment, giving as the reason, "I don't like the place."

Defendant indicated that he had formed no definite intention to remain overnight, conceding that there was virtually no furniture in the premises except for a sofa in the living room. Defendant was not even sure if the apartment had a bed.

Supreme Court's finding that defendant did not travel to the Bronx apartment to repair windows and to stay overnight is supported by the credible evidence. Moreover, we agree with the court's conclusion that, even crediting defendant's testimony, he failed to establish a significant connection to the premises or to the area searched sufficient to implicate a right of privacy *(People v Rodriguez,* 69 NY2d 159; *People v Ponder,* 54 NY2d 160). Concur—Carro, J. P., Ellerin, Wallach and Rubin, JJ.