■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE PRUITT, Appellant. [638 NYS2d 376] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Monroe County Court, Bristol, J.—Attempted Robbery, 1st Degree.) Present—Denman, P. J., Green, Wesley, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN COLLINS, Appellant. [638 NYS2d 376] —Judgment unanimously affirmed *(see, People v Saunders,* 190 AD2d 1092, 1093, *lv denied* 81 NY2d 1019). (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, P. J., Green, Wesley, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES LATTERELL, Appellant. [637 NYS2d 902] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, following a guilty plea, of attempted burglary in the first degree. Defendant contends that County Court erred in failing to suppress an inculpatory statement he made to a Sheriff's Investigator after defendant invoked his right to counsel.

The evidence supports the court's determination that the statement was spontaneous and not the result of police interrogation or its functional equivalent *(see, People v Rivers,* 56 NY2d 476, 479-480, *rearg denied* 57 NY2d 775; *People v Lipscomb,* 214 AD2d 970, *lv denied* 86 NY2d 797, *cert denied* — US —, 133 L Ed 2d 737). Although the Sheriff's Investigator had just told defendant, a predicate felon, that he probably would not be released on bail, that statement "was not one that would be reasonably contemplated to elicit an incriminating response" *(People v Self,* 213 AD2d 998, citing *People v Rivers, supra).* (Appeal from Judgment of Monroe County Court, Marks, J.—Attempted Burglary, 1st Degree.) Present—Denman, P. J., Green, Wesley, Balio and Davis, JJ.