■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS JOSE, Appellant. [657 NYS2d 631] —Appeal from judgment, Supreme Court, New York County (Herbert Adlerberg, J., on suppression motion; Harold Beeler, J., at jury trial and sentence), rendered May 12, 1995, convicting defendant of criminal possession of a controlled substance in the first and third degrees, criminal possession of a weapon in the third degree, and two counts of criminally using drug paraphernalia in the second degree, and sentencing him to concurrent prison terms of 15 years to life, 1 to 3 years, 1 to 3 years, 1 year and 1 year, respectively, held in abeyance, and the matter is remitted for a *Mapp* hearing.

The defendant's motion papers alleged that the police entered the subject apartment, threw him to the floor, searched him, searched the apartment, seized contraband from the apartment and seized a key to the apartment from the defendant's person, without a warrant, based upon an anonymous tip that two individuals suspected of the murder of a police officer a few days earlier could be found at that location. It is conceded that the people found in the apartment were not responsible for the murder under investigation. The People's answering papers challenged both the defendant's factual showing pursuant to CPL 710.60 and his standing to contest the search of the apartment.

The court erred in summarily denying the defendant's motion without holding a *Mapp* hearing (*see, People v Mendoza,* 82 NY2d 415). Although a *Mapp* hearing was warranted as to all of the physical evidence seized, it is apparent that even under the theory that the defendant did not have standing to contest the entry and subsequent search of the apartment, the failure to conduct a hearing as to the propriety of the physical search of the defendant's person was alone highly prejudicial. The defendant's motion papers were facially sufficient, and the key taken from his pocket was a crucial piece of evidence inculpating him at trial.

Further, the defendant's motion papers raised an issue as to whether an anonymous tip about the murder suspects' presence in the apartment days after commission of the crime provided probable cause for their warrantless arrest (*Spinelli v United States,* 393 US 410; *Aguilar v Texas,* 378 US 108; *People v Bigelow,* 66 NY2d 417, 422-424), as well as sufficient exigency to justify the warrantless entry into the apartment (*Warden v Hayden,* 387 US 294, 298-299; *People v Payton,* 51 NY2d 169). Although it is conceded that the defendant did not have property rights in the apartment, his possession of a key exhibits a degree of dominion and control over the apartment such as to legitimize his expectation of privacy and thereby confer standing upon him to contest the officers' actions (*People v Wesley,* 73 NY2d 351, 357; *People v Fuentes-Borda,* 186 AD2d 405; *see, People v Bundy,* 235 AD2d 334).

Parenthetically, the People's appellate argument that a suppression hearing was not warranted because the key was recovered incident to a lawful arrest was not raised in the motion court and is thus not preserved for our review (CPL 470.05 [2]).

The appeal should be held in abeyance and the matter remitted to the Supreme Court for a *Mapp* hearing (*Mapp v Ohio,*

367 US 643). Concur—Sullivan, J. P., Milonas, Rosenberger and Rubin, JJ.