■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEMOINE ADAMS, Also Known as VINCENT ADAMS, Appellant.

[665 NYS2d 991] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), defendant contends that Supreme Court erred in denying his motion to suppress a revolver and oral statements to the police.

Initially, we reject the contention of the People that defendant failed to establish that he has standing to challenge the search of the lower apartment at 168 Hedley Place, Buffalo, New York. The record demonstrates that defendant resided there at least part of the time with his father and had a bedroom there. Thus, defendant established that he had a legitimate expectation of privacy in the premises searched (*see, People v Ramirez-Portoreal,* 88 NY2d 99, 108).

Defendant's contention that the revolver should have been suppressed as the fruit of an illegal warrantless search lacks merit. Defendant's arrest on a parole violation warrant was lawful and did not thereby render the consensual search illegal (*see, People v Reynolds,* 240 AD2d 517). It is uncontroverted that defendant's father consented by his words and actions to the police reentry of the apartment after defendant's lawful arrest (*see, People v Gonzalez,* 222 AD2d 453, *lv denied* 88 NY2d 848). After the reentry, the father completed and signed a consent to search form authorizing a search of the apartment. The record supports the court's determination that the People met their burden of establishing that defendant's father voluntarily consented to the search of the apartment, including defendant's bedroom where the revolver was found in plain view (*see, People v Gonzalez,* 39 NY2d 122, 128), and that he had the authority to consent to that search (*see, United States v Matlock,* 415 US 164, 171; *People v Cosme,* 48 NY2d 286, 290; *People v Miller,* 174 AD2d 989, *lv denied* 78 NY2d 1078; *People v Buggs,* 140 AD2d 617). We need not address defendant's contention that the police lacked probable cause to search the apartment after defendant's arrest; voluntary consent to search is one of the limited exceptions to the requirement of probable cause (*see, People v Gonzalez, supra,* at 127).

The record further supports the court's determination that the oral statements made by defendant to the police after he had invoked his right to counsel were spontaneous and not the result of police interrogation or its functional equivalent (*see, People v Rivers,* 56 NY2d 476, 479-480, *rearg denied* 57 NY2d 775; *People v Latterell,* 224 AD2d 1023, *lv denied* 88 NY2d 850). When defendant asked a police detective whether the police could "do anything for him", the detective responded that

he could not negotiate a deal but that he would inform the District Attorney that defendant was willing to cooperate. Defendant then implicated himself in two robberies. The statement of the detective "was not one that would be reasonably contemplated to elicit an incriminating response" (*People v Self,* 213 AD2d 998). (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Criminal Possession Weapon, 3rd Degree.) Present—Denman, P. J., Pine, Wisner, Balio and Boehm, JJ.