■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO GARCIA, JR., Appellant. [666 NYS2d 86] —Judgment unanimously affirmed. Memorandum: County Court properly denied the motion of defendant to suppress his statement to the police following his arrest. The evidence at the suppression hearing supports the court's determination that the statement was spontaneous and not the result of police interrogation or its functional equivalent (see, *People v Rivers*, 56 NY2d 476, 479-480, *rearg denied* 57 NY2d 775; *People v Latterell*, 224 AD2d 1023, *lv denied* 88 NY2d 850). The court also properly

denied the motion to suppress tangible evidence seized following warrantless searches of the basement of the building where defendant resided with his family and an apartment across the street from his residence. The evidence supports the court's determination that the police obtained the consent of defendant's mother to search the basement (*see, People v Davis*, 120 AD2d 606, 606-607, *lv denied* 68 NY2d 769) and that defendant lacked standing to challenge the search of the apartment (*see, People v Delgado*, 204 AD2d 242, *lv denied* 84 NY2d 825).

We reject the contention that the court abused its discretion in denying defendant youthful offender status. Defendant was not eligible for youthful offender treatment because he was convicted of an armed felony, there are no mitigating circumstances bearing directly on the manner in which the crime was committed and defendant's participation in the crime was not relatively minor (*see,* CPL 720.10 [2] [a]; [3]; *People v Patterson*, 195 AD2d 976, *lv denied* 82 NY2d 757). The sentence imposed is not unduly harsh or severe. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Attempted Robbery, 1st Degree.) Present—Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.