■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD STRICKLAND, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from his conviction of attempted rape in the first degree, sexual abuse in the first degree, and assault in the second and third degrees. He contends that the court erred in refusing to suppress his statement to police; that the court's alibi charge was erroneous; that he was deprived of a fair trial by prosecutorial

misconduct; that he has been denied his right to appeal by the lack of certain portions of the trial transcript; that he was denied effective assistance of counsel; and that he was denied a fair trial as a result of cumulative error.

The court properly denied suppression of defendant's statement. The testimony at the *Huntley* hearing supports the conclusion that the statement was spontaneous and not the product of police questioning or its equivalent *(People v Rivers,* 56 NY2d 476, 479, *rearg denied* 57 NY2d 775; *People v Lynes,* 49 NY2d 286, 293-295).

The unpreserved challenge to the court's alibi charge does not require reversal. The charge as a whole unequivocally conveyed to the jury that the People bore the burden of disproving the alibi defense beyond a reasonable doubt *(see, People v Azzara,* 138 AD2d 495, 496, *lv denied* 71 NY2d 1023; *People v Hydleburg,* 127 AD2d 792, *lv denied* 70 NY2d 648).

Reversal is not required as a result of prosecutorial misconduct. Only one of the questions and comments complained of was objected to at trial. Concerning defendant's objection to testimony that a certain photograph of defendant was "another mug shot" taken on "another felony charge", the court sustained defendant's objection and gave the curative instructions requested. The remaining unpreserved claims of prosecutorial misconduct are either without merit or did not deprive defendant of a fair trail.

Defendant has not been denied his right to appeal by the lack of a transcript of certain portions of the trial. A stenographic transcript is not essential to appellate review and, unless reconstruction of the trial is impossible, reversal is not required because of lack of a transcript *(People v Glass,* 43 NY2d 283, 286; *People v Rivera,* 39 NY2d 519, 522-523). Here, the transcript of a hearing held to reconstruct the unrecorded portions of the trial allows adequate review of defendant's claims of error.

Finally, we conclude that defendant was not deprived of the effective assistance of counsel. (Appeal from judgment of Jefferson County Court, Hurlbutt, J.—attempted rape, first degree, and other charges.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.