■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FRANCIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered February 26, 1982, convicting him of sodomy in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's challenge to the identification procedures utilized in this case is unavailing. There is no evidence in the record that the photographic identification procedures, the photographic array viewed by the complainant or the lineups from which the complainant selected the defendant were impermissibly suggestive or conducive to irreparable misidentification so as to deny the defendant due process of law *(see, Manson v Brathwaite,* 432 US 98, 107; *Neil v Biggers,* 409 US 188; *People v Logan,* 25 NY2d 184, *cert denied* 396 US 1020). Accordingly, the hearing court properly declined to suppress the complainant's in-court identification testimony.

Many of the contentions raised by the defendant in his *pro se* supplemental brief concern issues regarding the credibility of the prosecution witnesses and the weight to be given the evidence adduced at the trial. However, it is primarily the function of the jurors to assess conflicting evidence and they may credit some items of evidence while rejecting other evidence *(see, People v Ford,* 66 NY2d 428; *People v Tedesco,* 143 AD2d 155). The jurors could reasonably have decided to credit the identification testimony of the complainant and the circumstantial evidence tying the defendant to the crime and to reject the testimony of the alibi witness. Moreover, in view of our determination that the identification procedures were proper, the resolution of the accuracy of the identification testimony was primarily for the jury *(see, People v Tedesco, supra; People v Askinazi,* 130 AD2d 665, 666). Resolution of issues of credibility as well as the weight to be accorded to the evidence presented are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We also hold, contrary to the defendant's contention, that penetration is not an element of the crime of sodomy *(see, People v Griffith,* 80 AD2d 590; *see also, People v Griffin,* 96 AD2d 720). Rather, the People were required to prove that the defendant engaged in "deviate sexual intercourse" with the victim; that is that there was contact between the penis and the anus, the mouth and the penis or the mouth and the vulva (Penal Law § 130.00 [2]; § 130.50 [1]). Viewing the evidence in the light most favorable to the People *(People v*

*Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

We have examined the defendant's remaining contentions, including the additional issues raised in his *pro se* supplemental brief, and find them to be without merit. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.