■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CUOZZO, Appellant. [605 NYS2d 600] —Judgment unanimously reversed on the law, new trial granted on counts one, three and four of indictment and indictment otherwise dismissed without prejudice to People to re-present any appropriate charges under count two of indictment to another Grand Jury. Memorandum: The court properly denied suppression of defendant's statement. The testimony at the *Huntley* hearing supports the court's conclusion that the statement was spontaneous and not the product of police interrogation or its equivalent *(see, People v Huffman,* 61 NY2d 795; *People v Strickland,* 151 AD2d 978, 979, *lv denied* 74 NY2d 819; *People v Allnut,* 148 AD2d 993, *lv denied* 74 NY2d 736).

Defendant's conviction of burglary in the second degree is supported by legally sufficient evidence that defendant burglarized a "dwelling". In defining "building", Penal Law § 140.00 (2) specifically states that, "[w]here a building consists of two or more units separately secured or occupied, each unit shall be deemed both a separate building in itself and a part of the main building". The bar that defendant burglarized was located in a building that also contained an apartment occupied by a tenant who resided there at night. Thus, the bar was part of a "dwelling" (Penal Law § 140.00 [3]; *People v Rohena,* 186 AD2d 509, 511, *lv denied* 81 NY2d 794; *People v Torres,* 162 AD2d 385, *lv denied* 76 NY2d 897).

Contrary to defendant's contention, the trial court did not err in admitting into evidence certificates of defendant's prior criminal convictions. Those certificates were properly admitted to rebut the entrapment defense proffered by defendant *(see, People v Mann,* 31 NY2d 253, 259-260; *People v Calvano,* 30 NY2d 199). Furthermore, there is no merit to the contention of defendant that reversal is required because police authorities entrapped him into committing the crimes charged. Whether defendant established his entrapment defense by a preponderance of the evidence *(see,* Penal Law § 40.05) presented an issue of credibility that the trier of fact was authorized to resolve against defendant *(see, People v Beach,* 188 AD2d 1079).

Defendant's conviction must be reversed, however, because

the record reflects that the court relied upon an erroneous standard regarding the burden of proof when, immediately before announcing its guilty verdict in this bench trial, the court stated that "[t]here was strong, clear and convincing evidence introduced by the People". The record contains no indication that the court, in discussing the law applicable to the case, relied upon the correct standard regarding the burden of proof. Thus, the court's error effectively diminished the People's burden of proof (see generally, Sullivan v Louisiana, 508 US —, 113 S Ct 2078; Cage v Louisiana, 498 US 39). Therefore, we reverse the judgment and grant a new trial on counts one, three and four of the indictment. Inasmuch as defendant was convicted of the lesser included offense of criminal mischief in the fourth degree under count two of the indictment that charged criminal mischief in the third degree, that count must be dismissed without prejudice to the People to re-present any appropriate charges under that count to another Grand Jury (see, People v Gonzalez, 61 NY2d 633, 635; People v Sneed, 193 AD2d 1139).

In light of our determination, we do not address defendant's contention that his resentencing was improper. (Appeal from Judgment of Livingston County Court, Cicoria, J.—Burglary, 2nd Degree.) Present—Denman, P. J., Callahan, Lawton and Davis, JJ.