■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE J. LIPSCOMB, Appellant. [626 NYS2d 919] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of attempted murder in the second degree, manslaughter in the second degree, criminal use of a firearm in the second degree and criminal possession of a weapon in the third degree. Defendant contends that County Court erred in failing to suppress inculpatory statements he made while in police custody and that his sentence is unduly harsh or severe.

The inculpatory statements made by defendant after he invoked his right to counsel were spontaneous and not the result of police interrogation or its functional equivalent *(see, People v Rivers,* 56 NY2d 476, 479-480, *rearg denied* 57 NY2d 775; *People v Strickland,* 151 AD2d 978, 979, *lv denied* 74 NY2d 819; *cf., People v Stoesser,* 53 NY2d 648). The detectives' questions following defendant's invocation of the right to counsel related only to pedigree information, e.g., height and weight, necessary to complete the administrative processing of defendant's arrest *(see, People v Rogers,* 48 NY2d 167, 173); the questions were not "subtly designed to elicit a statement" from defendant *(People v Hylton,* 198 AD2d 301, *lv denied* 82 NY2d 925; *see, People v Self,* 213 AD2d 998). Contrary to defendant's contention, the police are under no affirmative

obligation to prevent a talkative person in custody from making incriminating statements *(People v Rivers, supra,* at 479).

Finally, defendant's sentence is not unduly harsh or severe. (Appeal from Judgment of Erie County Court, D'Amico, J.— Attempted Murder, 2nd Degree.) Present—Pine, J. P., Lawton, Wesley, Callahan and Davis, JJ.