■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LARKIN, Appellant. [688 NYS2d 184] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered June 9, 1997, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant complains that the photographic array shown to the complainant was unduly suggestive in that he was the only individual depicted wearing a black shirt, which the complainant previously stated had been worn by the robber. This argument is without merit. An identification procedure violates due process only if it is conducted in such a manner that there is " 'a very substantial likelihood of irreparable misidentification' " (*Neil v Biggers,* 409 US 188, 198, quoting *Simmons v United States,* 390 US 377, 384). Here, contrary to the defendant's contention, the photo array revealed that two individuals were pictured wearing black shirts, and a third was wearing either a navy blue or black shirt.

The defendant also contends that the jury verdict was against the weight of the evidence. In support thereof, he erroneously argues that the complainant's identification testimony was filled with discrepancies. The minor inconsistencies in the complainant's testimony regarding the defendant's height and age were put before the jury, and it is axiomatic that the resolution of issues of credibility, as well as the weight to be accorded the evidence presented, is primarily to be determined

by the jury, which saw and heard the complainant testify (*see, People v Gaimari,* 176 NY 84, 94). Upon the exercise of our factual review power, we are satisfied that the jury verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Further, the prosecutor's cross-examination of the defendant's alibi witness was not improper and the prosecutor's questions stayed within the bounds set by the court.

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's other contentions are either unpreserved for appellate review or without merit (*see, People v Winslow,* 237 AD2d 638, 639). Mangano, P. J., Bracken, Joy and Krausman, JJ., concur.