■ In the Matter of ELIZABETH DESILETS, Appellant, v JOHN DESILETS, Respondent. [691 NYS2d 318] —In a support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Kings County (Segal, J.), dated May 15, 1998, which sustained the father's objections to an order of the same court (Castaldi, H.E.), dated January 6, 1998, which, after a hearing, found, *inter alia*, that the Circuit Court of the Seventeenth Judicial District, Broward County, Florida, had personal jurisdiction over him when it entered an amended judgment of divorce between the parties on February 22, 1984, and denied his petition pursuant to Domestic Relations Law former § 37-a to vacate the registration in New York of an order of support contained in the amended judgment of divorce.

Ordered that the order is reversed, on the law, with costs, the father's objections to the order of the Hearing Examiner which granted the mother's petition to register the order of support contained in the amended judgment of divorce are

denied, and the matter is remitted to the Family Court, Kings County, for a determination in accordance herewith as to the amount of accrued arrears.

At the hearing before Hearing Examiner Castaldi to determine the validity of service of process upon the father, the mother made out a prima facie case that the father was properly served with process in the Florida divorce action and jurisdiction over him was properly obtained in accordance with Florida Law (*see, Remington Invs. v Seiden,* 240 AD2d 647; *Kenny v Lennox Hill Hosp.,* 91 AD2d 568). The father's testimony to the contrary merely raised a factual issue which was resolved against him by the Hearing Examiner, who saw and heard the parties. That determination, which is supported by the record, was entitled to great deference. The Family Court erred in reversing that determination, and we therefore reinstate it (*see, Matter of Drago v Drago,* 138 AD2d 704; *Matter of Karrie B.,* 207 AD2d 1002; *Matter of McCarthy v Braiman,* 125 AD2d 572). Thompson, J. P., Sullivan, Altman and Florio, JJ., concur.