■ In the Matter of FELIX M., a Person Alleged to be a Juvenile Delinquent, Appellant. [765 NYS2d 253] —In a juvenile delin-

quency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Suffolk County (Freundlich, J.), entered August 16, 2002, which, upon a fact-finding order of the same court dated August 12, 2002, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of robbery in the second degree (two counts), adjudged him to be a juvenile delinquent and placed him with the Suffolk County Department of Probation for a period of two years. The appeal brings up for review the fact-finding order dated August 12, 2002.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of Frank C.,* 283 AD2d 643 [2001]; *cf. People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crime of robbery in the second degree. Moreover, upon the exercise of our factual review power, we are satisfied that the finding of the Family Court was not against the weight of the evidence (*see Matter of James B.,* 262 AD2d 480 [1999]; *cf.* CPL 470.15 [5]).

Contrary to the appellant's contention, the Family Court's mistaken conclusion that grand larceny in the fourth degree was a lesser-included offense of robbery in the second degree constituted harmless error (*cf. People v Crimmins,* 36 NY2d 230 [1975]). Accordingly, reversal is not warranted on that ground. Florio, J.P., Feuerstein, Crane and Rivera, JJ., concur.