■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS ZIMMERMAN, Appellant. [765 NYS2d 524] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosengarten, J.), rendered January 17, 2002, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and menacing in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in not giving a missing witness charge to the jury. However, the defendant did not raise in the Supreme Court any of the substantive arguments concerning corroboration and noncumulative testimony which he now raises on appeal. Therefore, the defendant's contentions are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Turriago,* 90 NY2d 77 [1997]; *People v Porter,* 268 AD2d 538 [2000]). In any event, the defendant cannot meet his burden of establishing prima facie entitlement to a missing witness charge (*see People v Kitching,* 78 NY2d 532 [1991]; *People v Gonzalez,* 68 NY2d 424 [1986]). There is no evidence that the witness had knowledge of a material issue or could provide noncumulative testimony. A missing witness charge therefore was not warranted.

The defendant's claim of ineffective assistance of counsel, to the extent that it is premised on his trial counsel's alleged failure to call potential alibi witnesses, involves matters which are dehors the record and are not properly presented on direct appeal (*see People v Boyd,* 244 AD2d 497 [1997]). Moreover, it is clear from the record that the defense counsel's decision not to

object to certain testimony regarding the circumstances of the defendant's arrest was part of his trial strategy (*see, People v Benevento,* 91 NY2d 708 [1998]). The record otherwise fails to supports the defendant's claim since it demonstrates that trial counsel rendered meaningful representation to the defendant at all stages of the proceedings (*see People v Benevento, supra*). Santucci, J.P., S. Miller, McGinity and Schmidt, JJ., concur.