▬ In the Matter of KASHAWN B., a Person Alleged to be a Juvenile Delinquent, Appellant. [771 NYS2d 690]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Hepner, J.), dated November 13, 2002, which, upon a fact-finding order of the same court dated July 24, 2002, made after a hearing, finding that the appellant committed an act which, if committed by an adult, would have constituted the crimes of assault in the first degree (two counts) and criminal possession of a weapon in the fourth degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 18 months. The appeal brings up for review the fact-finding order dated July 24, 2002.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant contends that the Family Court's determina-

tion was against the weight of the evidence. Since the Family Court saw and heard the testimony of all of the witnesses, its assessment of their credibility is entitled to great weight on appeal, and should not be disturbed unless clearly unsupported by the record (*see Matter of Tyrell A.,* 249 AD2d 467, 468 [1998]; *Matter of Nnennya P.,* 247 AD2d 476, 477 [1998]). When a witness positively identifies a person as the perpetrator of a crime, the weight of the evidence of identification is a question primarily for the factfinder, unless it is incredible as a matter of law (*cf. People v Cuffie,* 163 AD2d 485, 486 [1990]; *see Matter of Ryan W.,* 143 AD2d 435, 436 [1988]). The fact that the complainant overestimated the height of the appellant does not render his testimony incredible as a matter of law (*see People v Tucker,* 185 AD2d 908, 909 [1992]) and the court's determination was not against the weight of the evidence (*see Matter of Felix M.,* 308 AD2d 586 [2003], *lv denied* 1 NY3d 505 [2003]; *cf.* CPL 470.15 [5]; *Cohen v Hallmark Cards,* 45 NY2d 493, 498 [1978]; *Nicastro v Park,* 113 AD2d 129, 135 [1985]).

The appellant's remaining contention is unpreserved for appellate review. Florio, J.P., H. Miller, Schmidt and Crane, JJ., concur.