■ In the Matter of KEVIN M., a Person Alleged to be a Juvenile Delinquent, Appellant. [774 NYS2d 811]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Hepner, J.), dated January 6, 2003, which, upon a fact-finding order of the same court dated June 24, 2002, made after a hearing, finding that the appellant had committed acts, which, if committed by an adult, would have constituted the crime of sodomy in the first degree, and after a dispositional hearing, adjudged him to be a juvenile delinquent and, inter alia, placed him on probation for a period of 24 months. The appeal brings up for review the fact-finding order dated June 24, 2002.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*cf. People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crime of sodomy in the first degree (*see* Penal Law § 130.00 [2]; § 130.50 [1]; *cf. People v Francis,* 153 AD2d 901, 902-903 [1989]). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see Matter of James G.,* 309 AD2d 935, 936 [2003], *lv denied* 1 NY3d 509 [ 2004]; *Matter of Dennis*

*G.,* 294 AD2d 501 [2002]; *cf. People v Gaimari,* 176 NY 84 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see Matter of James G., supra; Matter of Dennis G., supra; cf. People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*cf.* CPL 470.15 [5]).

The appellant's remaining contention is without merit. Santucci, J.P., Florio, Schmidt and Rivera, JJ., concur.