■ In the Matter of MIKHAIL V., a Person Alleged to be a Juvenile Delinquent, Appellant. [783 NYS2d 314]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Suffolk County (Freundlich, J.), entered May 16, 2003, which, upon a fact-finding order of the same court dated May 16, 2003, made after a hearing, finding, inter alia, that the appellant committed acts, which, if committed by an adult, would have constituted the crime of sodomy (now criminal sexual act) in the first degree, after a dispositional hearing, adjudged him to be a juvenile delinquent, and placed him in the custody of the New York State Office of Children and Family Services for a period of three years.

Ordered that the order of disposition is affirmed, without costs or disbursements.

"[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses" (*Matter of Kevin M.*, 6 AD3d 616 [2004]; *cf. People v Larkin*, 260 AD2d 403 [1999]). Its determination is accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see Matter of James G.*, 309 AD2d 935 [2003]; *Matter of Dennis G.*, 294 AD2d 501 [2002]). Upon the exercise of our factual review power, we find that the Family Court's findings of fact were supported by the evidence (*see* CPL 470.15 [5]; *Matter of Kevin M., supra*).

The appellant's claim of ineffective assistance of counsel, to the extent that it was predicated on his hearing counsel's alleged failure to call potential witnesses on his behalf, involves matter which is dehors the record and not properly before us on direct appeal (*cf. People v Zimmerman*, 309 AD2d 824 [2003]; *People v Boyd*, 244 AD2d 497 [1997]). The record otherwise fails to support the appellant's claim since it demonstrated that his hearing counsel rendered meaningful representation to him throughout the proceedings (*cf. People v Benevento*, 91 NY2d 708 [1998]; *People v Zimmerman, supra*). Ritter, J.P., H. Miller, Cozier and Skelos, JJ., concur.