■ In the Matter of ROBERT P., an Infant, Appellant. [791 NYS2d 614]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of fact-finding and disposition of the Family Court, Suffolk County (Freundlich, J.), entered January 20, 2004, which, after a hearing, found that the appellant committed acts, which, if committed by an adult, would have constituted the crime of sodomy (now criminal sexual act) in the first degree, adjudged him to be a juvenile delinquent, and placed him in the custody of the Suffolk County Department of Social Services until May 5, 2005.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*cf. People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crime of sodomy (now criminal sexual act) in

the first degree (*see* Penal Law § 130.50 [3]). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see Matter of Kevin M.,* 6 AD3d 616 [2004]; *cf. People v Gaimari,* 176 NY 84 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*cf. People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we find that the Family Court's findings of fact were not against the weight of the evidence (*see Matter of Mikhail V.,* 12 AD3d 375 [2004]; *Matter of Dennis G.,* 294 AD2d 501, 501-502 [2002]; *cf.* CPL 470.15 [5]).

The appellant's claim of ineffective assistance of counsel involves matter which is dehors the record and not properly before us on direct appeal (*see Matter of Mikhail V., supra; cf. People v Zimmerman,* 309 AD2d 824 [2003]; *People v Boyd,* 244 AD2d 497 [1997]). The record indicates that the appellant received the effective assistance of counsel throughout the proceedings (*see Matter of Mikhail V., supra; cf. People v Benevento,* 91 NY2d 708 [1998]). Florio, J.P., Cozier, Rivera and Skelos, JJ., concur.