■ In the Matter of NIKSON D., a Person Alleged to be a Juvenile Delinquent, Appellant. [797 NYS2d 105]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Hepner, J.), dated March 9, 2004, which, upon a fact-finding order of the same court dated February 23, 2004, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal trespass in the third degree, adjudged him to be a juvenile delinquent and placed him with the Office of Children and Family Services for a period of 12 months. The appeal brings up for review the fact-finding order dated February 23, 2004.

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the Office of Children and Family Services for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of placement has expired (*see Matter of Shanita V.,* 7 AD3d 804 [2004]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of Stafford B.*, 187 AD2d 649, 650 [1992]; *cf. People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to support the order of disposition and the fact-finding order. Resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*cf. People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*cf. People v Garafolo*, 44 AD2d 86, 88 [1974]; *see Matter of Jermaine T.*, 150 AD2d 702 [1989]; *Matter of Michael D.*, 109 AD2d 633 [1985], *affd* 66 NY2d 843 [1985]). Upon the exercise of our factual review power, we are satisfied that the finding of guilt was not against the weight of the evidence (*see Matter of Kevin M.*, 6 AD3d 616 [2004]; *cf.* CPL 470.15 [5]).

The alleged defect in the form of the accusatory instrument and supporting depositions is, as the appellant recognizes, waivable (*cf. People v Casey*, 95 NY2d 354, 364 [2000]). The appellant failed to preserve this contention for appellate review and, in any event, it is without merit (*see Matter of Charlene D.*, 214 AD2d 561, 562 [1995]; *cf.* CPL 100.30 [1] [d]; [2]).

The appellant's remaining contention is without merit. Cozier, J.P., Luciano, Crane and Skelos, JJ., concur.