■ In the Matter of DYSHAUN F., a Person Alleged to be a Juvenile Delinquent, Appellant. [809 NYS2d 204]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from (1) a fact-finding order of the Family Court, Nassau County (Marks, J.), dated May 3, 2004, which, after a fact-finding hearing, found that the appellant committed an act which, if committed by an adult, would have constituted the crime of sodomy (now criminal sexual act) in the first degree, and (2) an order of disposition of the same court dated April 22, 2004, which, upon the fact-finding order, adjudged him to be a juvenile delinquent and placed him with the New York State Office of Children and Family Services for a period of 18 months.

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 18 months is dismissed as academic, without costs or disbursements, as the period of placement has expired (*see Matter of Shanita V.*, 7 AD3d 804 [2004]); and it is further,

Ordered that the fact-finding order is affirmed, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appellant did not preserve the issue of the legal sufficiency of the evidence for appellate review (*cf.* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792 [1987]; *cf. People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to prove beyond a reasonable doubt

that the appellant committed an act which, if committed by an adult, would have constituted the crime of sodomy (now criminal sexual act) in the first degree (*see* Penal Law § 130.00 [2] [a]; [8]; § 130.50 [1]; *Matter of Dakota EE.*, 209 AD2d 782 [1994]; *cf. People v Thompson*, 72 NY2d 410 [1988]). The evidence demonstrated that the appellant forced the complainant's head down and placed his penis in her mouth, and that he threatened to harm her if she told anyone about the incident. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see Matter of Marquis M.*, 1 AD3d 515 [2003]; *cf. People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see Matter of Robert P.*, 16 AD3d 512 [2005]; *Matter of Kevin M.*, 6 AD3d 616 [2004]; *Matter of Marquis M., supra*; *cf. People v Garafolo*, 44 AD2d 86 [1974]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*cf.* CPL 470.15 [5]).

The appellant's contentions raised in point three of his brief are unpreserved for appellate review (*cf.* CPL 470.05 [2]) and, in any event, are without merit, and his remaining contentions are without merit. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.