■ In the Matter of KAYLA C., Appellant. ONONDAGA COUNTY ATTORNEY, Respondent. (Appeal No. 1.) [826 NYS2d 549]—Appeal from an order of the Family Court, Onondaga County (Robert J. Rossi, J.), entered April 27, 2005 in a proceeding pursuant to Family Court Act article 3. The order, among other things, adjudged that respondent is a juvenile delinquent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In each appeal, respondent appeals from an order of disposition that adjudicated her a juvenile delinquent based on the respective findings that she had committed acts that, if committed by an adult, would constitute the crimes of criminal mischief in the third degree (Penal Law § 145.05 [2]) and unauthorized use of a vehicle in the third degree (§ 165.05 [1]). We reject respondent's contention that Family Court's findings are against the weight of the evidence. "[R]esolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the finder of fact, which saw and heard the witnesses" (*Matter of Stephen C.*, 28 AD3d 656, 656 [2006]; *see Matter of Dyshaun F.*, 26 AD3d 435, 436 [2006]). Further, "[w]hen a witness positively identifies a person as the perpetrator of a crime, the weight of the evidence of identification is a question primarily for the factfinder, unless it is incredible as a matter of law" (*Matter of Kashawn B.*, 4 AD3d 469, 470 [2004], *lv denied* 2 NY3d 707 [2004]). Here, the testimony of the identifying witness was not incredible as a matter of law.

We reject the further contention of respondent that the evidence is legally insufficient to establish that she committed acts that, if committed by an adult, would constitute the crime of criminal mischief in the third degree. The evidence, viewed in the light most favorable to the presentment agency (*see Dyshaun F.*, 26 AD3d at 435-436), is legally sufficient to establish that respondent intended to damage the vehicle in front of her when she drove her vehicle into it (*see People v Gianni*, 303 AD2d 1012 [2003], *lv denied* 100 NY2d 581 [2003]). Finally, the record does not support respondent's contention that the court failed to apply the proper burden of proof (*cf. People v Cuozzo*, 199 AD2d 966, 966-967 [1993], *lv denied* 83 NY2d 851 [1994]). Present—Hurlbutt, J.P., Gorski, Centra and Green, JJ.