■ In the Matter of KENNETH BINNS, Respondent, v TANYA BOYD, Appellant. [— NYS2d —]—In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Kings County (Hepner, J.), dated March 31, 2008, as, upon an order of the same court (Gonzalez-Roman, Ct. Atty. Ref.), also dated March 31, 2008, which, inter alia, after a hearing, found that she failed to show by a preponderance of the evidence that her opposition to immunization was based on her genuinely and sincerely-held religious beliefs, directed that the father is to have the final decision-making authority with respect to all medical matters involving the child when the mother and father are unable to reach an agreement after reasonable negotiation and consultation.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

" '[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses' (*Matter of Kevin M.,* 6 AD3d 616 [2004]; *cf. People v Larkin,* 260 AD2d 403 [1999]). Its determination is accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see Matter of James G.,* 309 AD2d 935 [2003]; *Matter of Dennis G.,* 294 AD2d 501 [2002])" (*Matter of Mikhail V.,* 12 AD3d 375, 375 [2004]). Upon the exercise of our factual review power, we find that the Family Court's determination to award the father final decision-making authority with respect to all medical matters involving the child when the mother and father are unable to reach an agreement after reasonable negotiation and consultation is supported by the record (*see Matter of Desilets v Desilets,* 262 AD2d 482, 483 [1999]).

Contrary to the mother's contention, the findings of the court attorney referee that her opposition to immunizing the child was not based on genuinely- and sincerely-held religious beliefs were not impermissibly tainted by considerations prohibited by the First Amendment. The mother's remaining contention is likewise without merit.

We note that the father's contention that this appeal has been rendered academic because the child has been immunized is without merit. Mastro, J.P., Florio, Eng and Leventhal, JJ., concur.