OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, defendant’s plea vacated, his statement suppressed, and the case remitted to Albany County Court for further proceedings on the indictment.
In the face of the finding by both courts below that defendant’s statement was spontaneous, we conclude as a matter of law that it was not spontaneous as that concept is recognized for purposes of delineating an exception to the rule that a defendant is entitled to suppression of inculpatory statements made by him in the absence of his attorney. The police arrested defendant at his home pursuant to an arrest warrant and gave him his constitutional preinterrogation warnings.* At the time of his arrest, according to the police testimony, defendant stated that he wanted to know what robbery he was charged with and was told that he would be given an explanation when they reached the police barracks. After arriving at the barracks, defendant was again given his preinterrogation warnings, and Investigator Connelly stated to him:
“I am going to tell you what you are charged with. You are charged with the robbery of the Gasland gas station on Route 7 in the Town of Colonie. You did the job with a kid by the name of Lawless. You used Lawless’s car. You parked the car behind the bank, which is about a block behind the Gasland gas station, walked through the fields, stood behind the wooden fence. When the girl came out with the two moneybags, both of you stepped out from behind the fence. You told her to throw the money over and she threw you the money.
“Then you asked — one of you asked her for the car keys, told her not to do anything stupid, got in behind the fence again, ran back to the car and drove to your house and split the money up.
*713 “I said, that is the robbery that you are charged with.” Whereupon, defendant responded, “I did it.”
In the circumstances in which it was made, this inculpatory statement was not “made without apparent external cause, i.e., self-generating” (People v Stoesser, 53 NY2d 648, 650). As we wrote in that case: “It is not sufficient that the statements were found to have been voluntary and not in response to express questioning by the police. To entitle these statements to receipt in evidence it must at least be shown that they were in no way the product of an ‘interrogation environment’, the result of ‘express questioning or its functional equivalent’ (cf. Rhode Island v Innis, 446 US 291, 300-301). [The test is whether] defendant spoke with genuine spontaneity ‘and not the result of inducement, provocation, encouragement or acquiescence, no matter how subtly employed’ (People v Maerling, 46 NY2d 289, 302-303). (Cf. People v Lucas, 53 NY2d 678.)”
Our holding in People v Lynes (49 NY2d 286) illustrates the delineating contrast. In Lynes the officer to whom the defendant made the statement (there also found by both lower courts to have been spontaneous, a finding which we did not disturb) had no knowledge of or connection with the charge concerning which a warrant had been issued against the defendant. To the defendant’s question as to what the warrant was all about, the officer responded, “You should know, they are looking for you”, whereupon the defendant made the incriminating statement sought to be suppressed. The listening officer had not given the defendant his constitutional preinterrogation warnings. He had not conveyed any suggestion that he had foreknowledge of the details of the charge. Nor had he otherwise said or done anything from which the defendant might reasonably have inferred that the officer had any interest in eliciting a statement from him.
The People argue here that Inspector Connelly’s explanation should be viewed as only a somewhat delayed answer to defendant’s question. Such an analysis cannot be accepted. Connelly’s statement was significantly removed from defendant’s question in both time and space. Coming on the heels of the classic prelude to police interrogation, *714 Connelly’s recital went far beyond mere identification of the robbery with which defendant was charged to describe the criminal transaction with complete particularity as to both the participants and the manner of its achievement. Such a narrative in the circumstances can only be perceived as intended, more effectively perhaps than any forthright interrogation, to convey the message to defendant that, inasmuch as the police were aware in such detail of exactly how the robbery was accomplished, anything but an open admission would be futile and thereby to elicit a confession from him; the question asked by defendant was fully answered in the first two sentences. Defendant’s unvarnished response precisely matched what must have been the hoped-for reaction to this psychological pressure.
Inasmuch as the police had previously been aware that defendant was represented by counsel, his confession, not having been blurted out in genuine spontaneity, should have been suppressed.

 It is not disputed that prior to defendant’s arrest his attorney had informed the police of his representation of defendant and had requested to be present at every stage of the proceedings against defendant.