OPINION OF THE COURT
Wachtler, J.
The primary question on this appeal concerns the admissibility of a statement made by the defendant in the *478 absence of counsel after his arrest on a warrant and after he had requested and obtained a brief response from the arresting officer as to why he was being charged with the same offense as his companions. The trial court and the Appellate Division held the defendant’s statement admissible on the ground that it was spontaneous or volunteered. The defendant appeals claiming that the statement was the “product of subtle maneuvering on the part of the police”.
In 1979 the defendant was employed as a taxicab driver in the Plattsburg area. In February and March of that year he passed a series of forged checks at local gas stations. The checks, approximately $100 each, were forged by two of the defendant’s friends, King and Reilly, who generally accompanied him but remained in the cab while he presented the checks for payment. The proceeds were then divided among the three of them.
On March 16 the defendant was arrested on a warrant. He was transported to the police station where, after being advised of his rights, he declined to make any statement. However, as the arresting officer was entering information concerning the defendant’s arrest in a police log, after entries relating to King and Reilly, the defendant asked why he was being charged with the same offense as his companions. According to the officer, at this time: “I told him that if he had any part in the crime that he was as guilty of the crime, just as everybody else who was involved in it.” The defendant replied, in effect, that this was ridiculous and, according to the officer, also stated “that he knew the checks were forged after a couple had been passed. He knew that Bobby Riley was making them out but they were not his checks. He didn’t fill them out and he didn’t sign them and therefore he wasn’t doing anything wrong.”
The defendant’s motion to suppress this statement was denied on the ground that it had been volunteered by the defendant. A jury subsequently found the defendant guilty of four counts of possession of a forged instrument and four counts of petit larceny.
*479 The Appellate Division affirmed the conviction. The court found that this statement was properly admitted because the defendant had made it spontaneously.*
Under the State Constitution the defendant’s right to counsel indelibly attached upon the filing of the accusatory instrument which provided the basis for the issuance of the arrest warrant (People v Samuels, 49 NY2d 218; CPL 120.10). Consequently, when the defendant was arrested on the warrant the police could not question him in the absence of counsel (People v Samuels, supra). That means, of course, that they could not engage in interrogation or its functional equivalent (People v Lanahan, 55 NY2d 711). The rule, however, does not require the police to take affirmative steps, by gag or otherwise, to prevent a talkative person in custody from making an incriminating statement. Volunteered statements are admissible provided the defendant spoke with genuine spontaneity “and not the result of inducement, provocation, encouragement or acquiescence, no matter how subtly employed” {People v Maerling, 46 NY2d 289, 302-303; People v Lanahan, supra).
The fact that the defendant may have initiated the exchange is not necessarily controlling. Statements made in response to police questioning or during a long informal discussion are not truly spontaneous, even though the defendant may have made the opening remarks (see, e.g., People v Townes, 41 NY2d 97; People v Roberson, 41 NY2d 106; People v Tompkins, 45 NY2d 748; People v Maerling, 46 NY2d 289, supra; People v Cunningham, 49 NY2d 203; People v Bell, 50 NY2d 869; People v Lucas, 53 NY2d 678; People v Lanahan, supra). On the other hand, not every comment made by a police officer in response to an inquiry by the defendant can be said to constitute interrogation, merely because it is followed by an incriminating statement from the defendant {People v Lynes, 49 NY2d 286, 294-295).
*480 The question in such cases is whether the police conduct should reasonably have been anticipated to evoke a statement from the defendant (People v Lynes, supra, p 295) and whether it can be said under the circumstances that the inculpatory statement was “made without apparent external cause” (People v Stoesser, 53 NY2d 648, 650). This essentially requires a factual determination which, if affirmed by the Appellate Division, is beyond review in this court, unless no possible view of the evidence would support the conclusion reached by the lower courts (People v Lynes, supra, p 294; cf. People v Lanahan, supra).
In the case now before us it cannot be said, as a matter of law, that the defendant’s statement was the product of “subtle maneuvering” by the police as the defendant contends. There is no suggestion that the officer deliberately prompted the defendant to ask why he had been arrested and charged with the same offenses as his companions. At the time the defendant asked the question the officer was simply making a contemporaneous record of the defendant’s arrest in the station house log, an apparently routine and necessary police activity. The officer immediately responded to the defendant’s question; there was no hesitation or delay evidencing a desire to exploit the elements of time and place (cf. People v Lanahan, supra). The answer the officer gave was brief and impersonal; it did not go beyond the question asked. It did not provide a complete evidentiary recital of the circumstances known to the police so as to leave the defendant with the impression that “anything but an open admission would be futile” (People v Lanahan, 55 NY2d 711, 714, supra).
In short, the case is essentially indistinguishable from People v Lynes (supra) in which the defendant’s request concerning the basis for an arrest warrant was immediately met by a brief and relatively innocuous answer by the police officer. There we found no basis for setting aside the affirmed finding that the défendant’s reply to the officer’s statement had been spontaneously made. Neither can we find any basis for setting aside the determination in this case.
Accordingly, the order of the Appellate Division should be affirmed.
*481 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Fuchsberg and Meyer concur.
Order affirmed.

 The Appellate Division also held that a subsequent oral admission made by the defendant in response to questioning by another officer while being transported to his arraignment, should have been suppressed. However, the court concluded that this error was harmless, particularly in view of the fact that the defendant “has already made substantially the same admission in the spontaneous declaration”. This analysis comports with this court’s recent decision in People v Sanders (56 NY2d 51).