■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVESTER MINOR, Appellant.—

We reject defendant's argument that the exculpatory statement made by him to police officers, while in custody, should have been suppressed. After the defendant's arrest, the detective was processing an arrest report. He informed defendant, who had considerable experience with the criminal justice system, that he was not going to issue the *Miranda* warnings since he only wanted to obtain pedigree information for the

report. Defendant asked what he had been arrested for and the officer responded that it was for the attempted murder of his former girlfriend. Defendant then made the exculpatory statement that he had not committed the crime and if he had, he would not have reported to his parole officer the following day, where he was arrested.

The suppression court correctly ruled that defendant's statement was voluntarily and spontaneously made, and was not the product of in-custody police interrogation. *(People v Lynes,* 49 NY2d 286, 294.) The detective's response to defendant's inquiry should not be viewed as one designed to elicit some further reply by defendant. Under these circumstances, it is apparent that defendant spoke with genuine spontaneity, rather than as the result of inducement, provocation, encouragement or acquiescence. *(People v Lanahan,* 55 NY2d 711.) The detective merely responded to defendant's inquiry but did not go so far as the investigator in *People v Lanahan (supra),* who responded to a similar question by that defendant, but did so at a place and time removed from that defendant's inquiry and in a manner describing the criminal transaction with complete particularity so as to elicit a response. *(Supra,* at 713-714.) No such subtlety was employed in the instant case.

We also reject defendant's argument that the sentencing court should have, *sua sponte,* directed a CPL article 730 fitness proceeding prior to sentencing, because defendant, at one point, had to be restrained by court officers, and made statements of an emotional character. Defendant's outburst was preceded by his statement that he just did not wish to return to prison. His other statements, expressing remorse for murdering his prior victim, were made at a time when that conviction was being considered for enhanced sentencing. Under these circumstances, such statements were not so unreasonable as to lead us to conclude that the sentencing court abused its discretion in not, *sua sponte,* directing a fitness proceeding. *(People v Gensler,* 72 NY2d 239, 244-245.) Furthermore, the court had the benefit of observing defendant over the course of the various proceedings and was aware that an earlier determination found defendant fit to proceed.

Defendant has set forth no basis to support his claim that the sentencing court abused its sentencing discretion and, after a review of the record, we conclude that the sentence was not excessive. Concur—Kupferman, J. P., Ross, Kassal, Smith and Rubin, JJ.