■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC WILLIAMS, Appellant.—Judgment, Supreme Court, New York County (Bell, J., at suppression hearing; Adlerberg, J., at trial and sentence), rendered March 10, 1989, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and sentencing him as a violent predicate felon to concurrent indeterminate prison terms of from six to twelve years and three to six years, unanimously affirmed.

At the suppression hearing, Police Officer Hayes testified that as he was driving westbound on 147th Street, he noticed a parked car missing its front license plate. Hayes asked defendant, who was in the driver's seat, for his vehicle identi-

---

* Entitled, "City Corporate Business and City Unincorporated Business Income Tax".

fication papers. As defendant opened the door, Hayes saw the foregrip of a shotgun, partly covered by a shawl on the floor behind the driver's seat. Defendant and two passengers were arrested.

Police Officer Cardona read defendant *Miranda* warnings on route to the precinct. Defendant did not respond to Cardona's inquiry whether defendant was willing to answer questions, but during Cardona's conversation with another officer, defendant stated that the shotgun was not his. At the precinct, defendant waived his *Miranda* rights and gave a statement to Hayes in which he claimed he did not know a shotgun was in the car. A third statement was taken by Detective Grenawalt, who was investigating a homicide which happened in the area where defendant was arrested. Although Grenawalt did not ask defendant about the circumstances of his arrest, defendant made an inculpatory statement. Defendant admitted that he knew the shotgun was in the car. Furthermore, he admitted that he had driven from New Jersey into Manhattan with three others in order to rob drug dealers.

The credibility of the witnesses at the hearing was a matter for the hearing court to resolve, and its findings are entitled to great respect on appeal *(People v Fonte,* 159 AD2d 346, *lv denied* 76 NY2d 734). Accordingly, there is no basis to disturb the hearing court's finding that there was a legitimate basis for approaching defendant's car to investigate the missing front license plate *(People v Ingle,* 36 NY2d 413). Furthermore, Hayes' testimony, that he saw a portion of the shotgun in plain view, is not manifestly incredible.

In addition, defendant's three statements to the police were properly held admissible. Defendant's first statement to Officer Cardona was spontaneous *(People v Lanahan,* 55 NY2d 711, 713). The second statement was admissible since it was taken after defendant waived his *Miranda* rights. Finally, contrary to defendant's contention, his third statement was not coerced.

Defendant also complains that the trial court committed numerous errors in its charge to the jury and in its response to jury requests during its deliberations. However, since counsel failed to raise timely objections to the court's charge, these issues are unpreserved for appellate review and we decline to review them in the interest of justice (CPL 470.05 [2]). In any case, defendant's contentions are meritless. First, since defendant did not present clear-cut evidence that the passenger in the rear was in exclusive possession of the shotgun, the court correctly charged the automobile presumption (Penal Law

§ 265.15 [3]; *People v Lemmons,* 40 NY2d 505). Second, in responding to jury requests during deliberations, the court's instructions did not take away from the jury's consideration issue such as the rebuttable nature of the automobile presumption and the intent element in acting-in-concert. Although defendant complains that the court should not have instructed the jury that the law on renunciation was inapplicable, this instruction was based on the lack of evidence that there was an abandonment of any plan.

Finally, a reduction of defendant's sentence in the interest of justice is not warranted where defendant's long criminal history demonstrates his pattern of persistent violent criminal behavior. Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Ross, JJ.