■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MERRION, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Ain, J.), rendered October 11, 1989, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements made by the defendant to law enforcement officials and physical evidence.

Ordered that the judgment is affirmed.

At the suppression hearing, Police Officer Albert Cooke testified that on June 19, 1988, at approximately 12:02 A.M., as he sat in his patrol car outside the Hempstead Police Department, the defendant drove up to him in his van. The defendant told Officer Cooke that Charles Walker had thrown bricks at his van and broken two windows. While Officer Cooke took the defendant's statement inside the police station, the defendant threatened to get his shotgun and kill Charles Walker. As the defendant left the police station, Officer Cooke overheard the defendant tell his girlfriend that he was going to get his shotgun.

Approximately one hour and 45 minutes later, Officer Cooke responded to a radio report of a shooting in the vicinity of Terrance and Sealey Avenues. Officer Peter Michalski informed him at the scene that shots had been fired near the side yard of a Salvation Army store, that a figure had been seen running towards the back driveway, and that there was a body lying on Sealey Avenue. Within minutes of this exchange, Officer Cooke drove his patrol car down Atlantic Avenue to the entrance of the Salvation Army driveway. As he approached the driveway, he saw the defendant driving the

same van towards the exit of the driveway at a higher rate of speed than normal. As soon as he saw the van, Officer Cooke put on the patrol car's overhead red and yellow lights. The van pulled out into the roadway, attempted to make a right turn, and stopped. Cooke stopped the patrol car in the center of Atlantic Avenue parallel to the defendant's car approximately 15 feet away. The officer exited the patrol car, unsnapped the holster of his weapon, raised the gun slightly, and approached the defendant's vehicle without saying anything. The defendant then placed his hands outside the window and informed Officer Cooke, "I told you I'd get him. The gun is in the van".

Contrary to the findings of the County Court, we find that these facts constitute a stop. Moreover, Officer Cooke's knowledge of what the defendant's van looked like, the fact that the defendant threatened to kill the deceased, the radio report of a shooting, Officer Michalski directing Officer Cooke to the driveway, and the proximity of time and the location between the occurrence of the shooting and the observation of the defendant, all combined to provide Officer Cooke with sufficient grounds to entertain a reasonable suspicion that the occupant of the van had committed the crime. He was therefore entitled to stop the car and detain its occupant for questioning (see, e.g., People v Crutchfield, 111 AD2d 346, 346-347; People v Brooks, 88 AD2d 451, 454-455; People v Finlayson, 76 AD2d 670, 677, cert denied 450 US 931).

We further find that the defendant's statements to Officer Cooke were admissible as they were voluntary, spontaneous, and not the product of a custodial interrogation (see, People v Torres, 21 NY2d 49, 54-55; cf., People v Rivers, 56 NY2d 476, 479-480; People v Harris, 57 NY2d 335, 341-342, cert denied 460 US 1047) and provided probable cause to arrest the defendant for the shooting. Moreover, the shotgun was seized pursuant to a lawful search incident to arrest and the defendant's subsequent oral, written, and videotaped statements were lawfully obtained. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.