■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY SINGER, Appellant. [644 NYS2d 713]

The hearing court properly denied defendant's motion to suppress oral and taped statements made to the police after his right to counsel had attached but without counsel present on the ground that the statements were spontaneously volunteered (*People v Hobson*, 39 NY2d 479, 483, citing *People v Kaye*, 25 NY2d 139, 144). While at the precinct, defendant intermittently called detectives to his cell and began telling them his version of the incident, presumably to convince them of his innocence. Defendant had previously been warned by counsel not to speak to the police, and the detectives told him that they could not talk to him because he was represented by counsel and walked away. Clearly, these statements were spoken by defendant with "genuine spontaneity", and were not the result of police " 'inducement, provocation, encouragement or acquiescence' ", or " 'subtle maneuvering' " (*People v Rivers*, 56 NY2d 476, 479, 480).

The taped statement that was made after defendant continued to insist upon making a statement, after he had been warned by counsel on several occasions not to speak to police, after the police reminded him that they could not speak with him, after the police attempted to contact his attorney without success, and after the police specifically advised him not to make the statement, viewed in the context of what had transpired, was clearly the last of a continuous stream of admissions volunteered by defendant throughout the day. Concur—Murphy, P. J., Rosenberger, Rubin and Williams, JJ.