■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD BURTON, Appellant. [869 NYS2d 412]—

The court properly denied defendant's suppression motion. While defendant was in custody and awaiting medical attention at a hospital, an officer engaged him in general conversation on

subjects unrelated to the case. This was not the functional equivalent of interrogation (*see e.g. People v Man Lee Lo*, 118 AD2d 225, 230-231 [1986], *lv denied* 68 NY2d 814 [1986]), and the surrounding circumstances were not inherently coercive. Defendant ultimately asked the officer two questions about the charges against him. In each instance, the officer's immediate answer was brief, neutral and did not go beyond what was asked (*see e.g. People v Rivers*, 56 NY2d 476, 480 [1982]; *People v Minor*, 158 AD2d 412 [1990], *lv denied* 75 NY2d 968 [1990]; *compare People v Lanahan*, 55 NY2d 711 [1981]), and each answer led to a spontaneous incriminating statement by defendant that was not the product of interrogation. Finally, defendant's claim that, at the time of these statements, he had invoked his right to remain silent improperly relies on trial testimony (*see People v Abrew*, 95 NY2d 806, 808 [2000]). Concur—Tom, J.P., Gonzalez, Nardelli, Moskowitz and Renwick, JJ.