■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OBSEAS MERCADO, Appellant. [939 NYS2d 335]—

The court properly denied defendant's motion to suppress a statement he made to the police. Although defendant was in custody, and had not yet received *Miranda* warnings, the record supports the court's finding that the statement was spontaneous and was not the product of custodial interrogation. Where, as here, a defendant's inquiry concerning the reason for an arrest is "immediately met by a brief and relatively innocuous answer by the police officer," there is no interrogation or its functional equivalent (*People v Rivers*, 56 NY2d 476, 480 [1982]; *compare People v Lanahan*, 55 NY2d 711 [1981]).

In any event, defendant blurted out the statement at issue at least an hour after the officer responded to defendant's question as to why he was being arrested. The statement was not made at the precinct where defendant was advised of the charges, but instead was made in the police car on the way to the hospital, where defendant had requested to go in order to receive medication. Thus, even if advising defendant of the charges against him could be considered "interrogation," the statement was attenuated from the purported interrogation (*see People v Paulman*, 5 NY3d 122, 130-131 [2005]). Concur—Mazzarelli, J.P., Andrias, DeGrasse, Richter and Abdus-Salaam, JJ.