■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND ACOSTA, Also Known as BIG PUN, Appellant. [17 NYS3d 135]—

Judgment, Supreme Court, Bronx County (Darcel D. Clark, J., at suppression hearing; Caesar D. Cirigliano, J., at jury trial and sentencing), rendered April 10, 2012, convicting defendant of attempted assault in the second degree, and sentencing him, as a second felony offender, to a term of two to four years, unanimously affirmed.

Defendant's motion to suppress a statement was properly denied. Although defendant was in custody and had not yet received *Miranda* warnings, the record supports the hearing court's finding that his statement was spontaneous and not the product of custodial interrogation. Where a defendant's inquiry concerning the reason for an arrest is "immediately met by a brief and relatively innocuous answer by the police officer," there is no interrogation or its functional equivalent (*People v Rivers*, 56 NY2d 476, 480 [1982]; *compare People v Lanahan*, 55 NY2d 711 [1981] [detailed recital of evidence held equivalent to interrogation]). The detective briefly responded to defendant's inquiry by referring to an incident that occurred at Richman Plaza in 2008, and pointing to a wanted poster containing defendant's photograph. This constituted an innocuous reply to defendant's question, and it was not reasonably likely to elicit an incriminating response (*see Rivers*, 56 NY2d at 480). Moreover, rather than being placed in the room in an effort to encourage defendant to make a statement, the poster had been placed there long before defendant's arrest.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The fact that the jury acquitted defendant of other charges does not warrant a different conclusion (*see People v Rayam*, 94 NY2d 557 [2000]).

Defendant's argument that the court had a sua sponte obligation to disclose certain markings found on the jury's verdict sheet is unavailing (*see People v Boatwright*, 297 AD2d 603, 604 [1st Dept 2002], *lv denied* 99 NY2d 533 [2002]; *see also Matter of Suarez v Byrne*, 10 NY3d 523, 528 n 3 [2008] ["Marks on verdict sheets are not verdicts"]). Concur—Tom, J.P., Acosta, Richter and Kapnick, JJ.