Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered October 7, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant contends that his plea was not knowingly, voluntarily, or intelligently entered because, inter alia, he was pressured by his family to enter the plea agreement and was taking medication to address the stress of the situation. Defendant failed to preserve his contention for our review by failing to move to withdraw the plea or to vacate the judgment of conviction (see People v Gilbert, 111 AD3d 1437, 1437 [4th Dept 2013], lv denied 22 NY3d 1138 [2014]), and the narrow exception to the preservation rule does not apply here (see People v Lopez, 71 NY2d 662, 666 [1988]). In any event, defendant’s contention lacks merit. Defendant’s statement during the plea colloquy that it was his “and [his] family [⅛] decision” to enter the plea agreement did not render the plea involuntary (see Gilbert, 111 AD3d at 1437). In addition, although defendant stated that he was taking sleeping medication “because of the stress,” he further stated that it would not affect his ability to make “a proper decision,” and “there is no indication in the record that defendant’s ability to understand the plea proceeding was impaired” by the medication (People v Jackson, 85 AD3d 1697, 1698 [4th Dept 2011], lv denied 17 NY3d 817 [2011]).
 

 Present—Whalen, P.J., Centra, Peradotto, Lindley and Winslow, JJ.