People v Bevel (2018 NY Slip Op 06325)





People v Bevel


2018 NY Slip Op 06325


Decided on September 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2018

Renwick, J.P., Gische, Mazzarelli, Kern, Moulton, JJ.


7170 2166/16

[*1]The People of the State of New York, Respondent,
v
Jeffrey Bevel, Defendant-Appellant.


Marianne Karas, Thornwood, for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Meghan Callagee O'Brien of counsel), for respondent.



Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered November 17, 2016, convicting defendant, after a jury trial, of persistent sexual abuse, and sentencing him, as a second felony offender, to a term of 4 years, unanimously affirmed.
Defendant's generalized objections failed to preserve his challenges to police testimony about remarks made by defendant to the victim in the officer's presence, and we decline to review them in the interest of justice. As an alternative holding, we find that the remarks were properly admitted. Although the court had suppressed other statements, made by defendant to the police, for lack of Miranda warnings, that ruling did not encompass defendant's remarks to a civilian victim. Moreover, there was no basis for suppression of those remarks, which were spontaneous, addressed to a civilian, and not induced by any actions of the police (see People v Harris , 57 NY2d 335, 342 [1982], cert denied 460 US 1047 [1983]; People v Rivers , 56 NY2d 476, 479 [1982]). We reject defendant's argument that his suppressed statement to the police at the time of his arrest and his remarks to the victim should be considered a single event. On the contrary, rather than inducing defendant to address the victim, the police actively sought to prevent defendant from doing so, because his persistent shouting was upsetting her.
By failing to object, or by making generalized objections, defendant failed to preserve any of his other evidentiary claims, or his challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera , 71 NY2d 705, 709 [1988]; People v Love , 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento , 91 NY2d 708, 713-714 [1998]; Strickland v Washington , 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies, including those relating to the absence of objections, fell below an objective standard of reasonableness, or that, viewed [*2]individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 27, 2018
CLERK