Matter of Andre A. (2018 NY Slip Op 07260)





Matter of Andre A.


2018 NY Slip Op 07260


Decided on October 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2018

Sweeny, J.P., Mazzarelli, Kahn, Oing, Singh, JJ.


7479

[*1]In re Andre A. (Anonymous), A Person Alleged to be a Juvenile Delinquent, Appellant. Presentment Agency


Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Deborah E. Wassel of counsel), for presentment agency.



Order of disposition, Family Court, New York County (Adetokunbo O. Fansanya, J.), entered on or about August 5, 2016, which adjudicated appellant a juvenile delinquent upon appellant's admission that he committed an act that, if committed by an adult, would constitute the crime of criminal possession of stolen property in the fifth degree, and placed him on probation for a period of 12 months, unanimously affirmed, without costs.
The court properly denied appellant's suppression motion to the extent appealed from. Initially, we find no basis for disturbing the court's credibility determinations.
For purposes of this appeal we assume, without deciding, that the police encounter with appellant was an arrest requiring Miranda warnings, as opposed to an investigatory detention that does not require those warnings, regardless of whether the suspect is free to leave (see Berkemer v McCarty, 468 US 420, 436-437 [1984]; People v Bennett, 70 NY2d 891 [1987]). Nevertheless, we conclude that appellant's statement, made after an officer answered appellant's question about why he was being detained, was spontaneous and not the result of interrogation (see Rhode Island v Innis, 446 US 291, 300-301 [1980]). "Where, as here, a defendant's inquiry concerning the reason for an arrest is immediately met by a brief and relatively innocuous answer by the police officer, there is no interrogation or its functional equivalent" (People v Mercado, 92 AD3d 458, 438 [1st Dept 2012] [internal quotation marks omitted], lv denied 18 NY3d 996 [2012]).
When the police removed a box cutter from appellant's pocket, this seizure was incident to a lawful arrest. Based on first-hand information provided by a store manager, and a surveillance videotape, the police had probable cause to believe that defendant had committed a crime in the store and had not merely been involved in some kind of dispute. We have considered and rejected appellant's arguments to the contrary.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 30, 2018
CLERK