People v Jackson (2019 NY Slip Op 00688)





People v Jackson


2019 NY Slip Op 00688


Decided on January 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2019

Renwick, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


8287 1207/16

[*1]The People of the State of New York, Respondent,
v
Luke Jackson, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Arielle Reid of counsel), and Arnold & Porter Kaye Scholer LLP, New York (Zachary Sweebe of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Brian Morrison of counsel), for respondent.



Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered November 22, 2016, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fifth degree, and sentencing him to a conditional discharge for a period of three years, unanimously affirmed.
The court properly denied defendant's suppression motion. Although defendant was in custody and had not yet received Miranda warnings, his inquiry about why the police were at his apartment was "immediately met by a brief and relatively innocuous answer by the police officer," not constituting interrogation or its functional equivalent (People v Rivers , 56 NY2d 476, 480 [1982]; compare People v Lanahan , 55 NY2d 711 [1981] [detailed recital of evidence held equivalent to interrogation]). The officer's remark that defendant was "selling drugs out of here," which conveyed the underlying reason for the search, was responsive to defendant's inquiry.
Since defendant requested no further relief after the court struck the offending testimony and delivered curative instructions, his challenge to testimony that the police found pornography during the search is unpreserved (see People v Medina , 53 NY2d 951 [1981]), and we decline to review it in the interest of justice. As an alternative holding, we find that the court's curative actions were sufficient to prevent prejudice. The other testimony challenged on appeal did not deprive defendant of a fair trial.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 31, 2019
DEPUTY CLERK