People v Bumpars (2019 NY Slip Op 09134)





People v Bumpars


2019 NY Slip Op 09134


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


1017 KA 18-00258

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEVANTE A. BUMPARS, DEFENDANT-APPELLANT. 






CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered April 21, 2017. The judgment convicted defendant upon his plea of guilty of assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of assault in the first degree (Penal Law § 120.10 [4]), defendant contends, inter alia, that his waiver of the right to appeal is invalid. We agree inasmuch as the record fails to " establish that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (People v Weir, 174 AD3d 1465, 1466 [4th Dept 2019], quoting People v Lopez, 6 NY3d 248, 256 [2006]) and County Court failed to inquire whether defendant read the written waiver of the right to appeal or whether he understood that written waiver (see id. at 1466-1467; People v Sanford, 138 AD3d 1435, 1436 [4th Dept 2016]).
Contrary to defendant's further contention, however, the court did not err in refusing to suppress statements defendant made to law enforcement officers subsequent to an initial statement that was suppressed. Before defendant invoked his right to counsel, he asked a detective located near the holding cell to inform him of the charges on which he was being held. The detective did not answer the question, explaining that another detective would be interviewing defendant shortly.
Defendant was thereafter taken by the second detective to an interview room where defendant invoked his right to counsel before making any incriminating statements. Upon his return to the holding cell, the first detective, unprompted, informed defendant that he was being held on a "murder investigation." In response, defendant said, among other things, "[h]ow can it be murder when I was trying to defend myself" and "[h]e pulled the gun on me and I took the gun away." The court suppressed those statements.
After a gap of several minutes (see People v White, 10 NY3d 286, 292 [2008], cert denied 555 US 897 [2008]), defendant made various statements to himself in the holding cell, essentially repeating what he had said to the detective and adding "I'm not going to let anybody just kill me." We conclude that the court did not err in refusing to suppress the statements defendant made to himself in the cell. As the court determined, those statements were spontaneous and "not the result of inducement, provocation, encouragement or acquiescence" (People v Maerling, 46 NY2d 289, 302-303 [1978]), and we see no basis to disturb the court's factual determination that the statements defendant made to himself were " made without apparent external cause' " (People v Rivers, 56 NY2d 476, 480 [1982], rearg denied 57 NY2d 775 [1982]; see People v Lynes, 49 NY2d 286, 295 [1980]; see generally People v Paulman, 5 NY3d 122, 130-131 [2005]).
We further conclude that the court did not err in refusing to suppress statements defendant subsequently made to yet another detective. After defendant asked to speak with someone, that detective asked to whom he wished to speak and what he wanted to talk about. In response, defendant said "I need to talk to someone, I didn't commit no murder. I can't be going to prison." The detective then attempted, unsuccessfully, to secure an attorney for defendant. When the detective returned to inform defendant of the results of his efforts, defendant reiterated that he did not kill anyone, adding that he "just went there to buy weed" and that he did not even have a knife.
We agree with the People that the detective's question, in which he asked defendant to whom he wanted to speak and what he wanted to talk about, was "neither intended nor objectively likely to elicit an inculpatory statement from defendant" (People v Gonzales, 75 NY2d 938, 940 [1990], cert denied 498 US 833 [1990]; see Rivers, 56 NY2d at 480). In fact, the question did not elicit an incriminating response. Moreover, it cannot be said that the detective, by merely informing defendant that the detective was unable to secure an attorney for him, intended to elicit an incriminating response. Additionally, contrary to defendant's contention, there was "no proof that defendant's state of mind was such that his single . . . statement committed him to the subsequent [statements]" (People v McGriff, 149 AD2d 952, 953 [4th Dept 1989], lv denied 74 NY2d 814 [1989]).
Defendant contends that his plea was not knowingly, intelligently or voluntarily entered. Although defendant correctly concedes that his contention is not preserved for our review (see People v White, 156 AD3d 1489, 1490 [4th Dept 2017], lv denied 31 NY3d 988 [2018]), he nevertheless contends that this case falls within the exception to the preservation doctrine (see generally People v Lopez, 71 NY2d 662, 666 [1988]). We reject that contention (see White, 156 AD3d at 1490). In any event, defendant's contention that he lacked the ability to understand the proceedings due to his use of medication and his mental state "is belied by the record of the plea proceeding, which establishes that defendant's factual allocution was lucid and detailed and that defendant understood both the nature of the proceedings and that he was waiving various rights" (People v Hayes, 39 AD3d 1173, 1175 [4th Dept 2007], lv denied 9 NY3d 923 [2007]).
We conclude that the negotiated sentence is not unduly harsh or severe.
Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted under Penal Law § 120.10 (1), and it must therefore be amended to reflect that he was charged and convicted under section 120.10 (4).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court