People v Godfrey (2021 NY Slip Op 06560)





People v Godfrey


2021 NY Slip Op 06560


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021

Before: Renwick, J.P., Kapnick, Scarpulla, Rodriguez, Higgitt, JJ. 


Ind. No. 173/16 Appeal No. 14444 Case No. 2018-5066 

[*1]The People of the State of New York, Respondent,
v
Raymond Godfrey, Defendant-Appellant.


Caprice R. Jenerson, Office of The Appellate Defender, New York (Katherine M. A. Pecore of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jennifer Westphal of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Stolz, J. at suppression hearing; Daniel P. Conviser, J. at jury trial and sentencing), rendered June 26, 2018, convicting defendant, of attempted assault in the first degree, assault in the second degree, criminal possession of a weapon in the third degree and unlawful possession of ammunition, and sentencing him, as a second violent felony offender, to an aggregate term of seven years, unanimously affirmed.
The physical injury element of second-degree assault was supported by legally sufficient evidence. The jury could have reasonably found, from all the evidence including a videotape, audio evidence, and police observations, that defendant's repeated striking of the victim in the face with what appeared to be a firearm, resulting in a bloody gash, exceeded mere "petty slaps, shoves, kicks and the like" (Matter of Philip A., 49 NY2d 198, 200 [1980]), and caused "more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447 [2007]). Defendant's legal sufficiency claim regarding the attempted first-degree assault conviction is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find, as to both of the convictions at issue, that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]).
The court properly denied defendant's motion to suppress a statement he made to the police. Although defendant was in custody, and had not yet received Miranda warnings, his statement, made after an officer answered his question regarding the nature of the police activity that was being conducted while he was detained, was spontaneous and not the result of interrogation or its functional equivalent (see Rhode Island v Innis, 446 US 291, 300-301 [1980]).
An incriminating statement is the product of interrogation or its functional equivalent, if, considering the totality of the circumstances (see People v Mascall, 149 AD3d 525 [1st Dept 2017], lv denied 29 NY3d 1130 [2017]; Matter of Jahmeka W., 130 AD3d 437, 437 [1st Dept 2015], lv denied 26 NY3d 909 [2015]; People v Bracey, 123 AD3d 419, 420 [1st Dept 2014], lv denied 25 NY3d 1198 [2015]), the "incriminating response was the product of words or actions on the part of the police that they should have known were reasonably likely to elicit an incriminating response" (Rhode Island v Innis, 446 US at 303).
Here, based on the credited, uncontroverted hearing testimony, the officer, in response to defendant's inquiry regarding the nature of the police activity that led to him being placed in custody, told defendant that the police were executing a search warrant, that it applied to his entire apartment, and that they were searching for a firearm (see People v Anonymous, 187 AD3d 512, 512 [1st Dept 2020], lv denied 36 NY3d 969 [2020]; see also People v Mercado, 92 AD3d 458 [1st Dept 2012], lv denied 18 NY3d 996 [2012]). The [*2]officer's answer to defendant was immediate, factual, responsive, and not overly explicit or detail-laden (see People v Rivers, 56 NY2d 476, 480 [1982]). Defendant then volunteered an incriminating statement, and regardless of how the officer's next remark could be viewed, that remark was followed only by defendant's repetition of essentially the same statement he had just made. In light of the totality of the circumstances, particularly defendant's initiation of the conversation, the content of the officer's responses, and the brevity of the conversation, defendant's incriminating statements were not the product of words or actions on the part of the officer that he should have known were reasonably likely to elicit incriminating responses.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 23, 2021