People v Dean (2022 NY Slip Op 06643)

People v Dean

2022 NY Slip Op 06643

Decided on November 22, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 22, 2022

Before: Renwick, J.P., Manzanet-Daniels, Oing, Moulton, González, JJ. 

Ind. No. 4555/07 Appeal No. 16709 Case No. 2019-5333 

[*1]The People of the State of New York, Respondent,
v
Clarence Dean, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (David Bernstein of counsel), and Orrick, Herrington & Sutcliffe LLP, Washington, DC (Upnit K. Bhatti of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Alice Wiseman of counsel), for respondent.

Judgment, Supreme Court, New York County (Maxwell Wiley, J. at Frye and suppression hearings; Bonnie G. Wittner, J. at jury trial and sentencing), rendered April 17, 2017, convicting defendant of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.
The court correctly denied defendant's motion to suppress his statements. After arresting defendant, but before giving him Miranda warnings, the police asked him routine pedigree questions. Defendant told the detectives that he was a resident of another state, and the conversation turned to matters such as how and when he came to New York and where he had been staying. To the extent any of this discussion went beyond the scope of actual pedigree questioning, there was still no interrogation requiring warnings. Although the detectives knew that the homicide at issue occurred at a particular hotel, they did not ask any questions related to the crime and any questions they asked were not "reasonably likely to elicit an incriminating response" (Rhode Island v Innis, 446 US 291, 302 [1980]) under the particular circumstances of the police interaction (see People v Arroyo, 88 AD3d 495 [1st Dept 2011], lv denied 18 NY3d 955 [2012]; People v Burton, 57 AD3d 261 [1st Dept 2008], lv denied 12 NY3d 781 [2009]; People v Man Lee Lo, 118 AD2d 225, 230-231 [4th Dept 1986], lv denied 68 NY2d 814 [1986]). Accordingly, we find no basis for suppression of any of defendant's post-Miranda statements.
The motion and trial courts providently exercised their respective discretion in admitting expert testimony that one of the victim's wounds was a human bite. By way of a Frye hearing and a renewal motion, defendant extensively litigated the issue of the reliability of bite mark comparison, that is, the comparison of a bite mark with a suspect's teeth for the purpose of establishing identity. While there are serious questions about the validity of "bite mark matching" (People v Williams, 35 NY3d 24, 43 [2020][emphasis added]), no such evidence was offered or admitted at defendant's trial. Defendant has not shown that expert testimony simply identifying a wound as a bite mark is so unreliable that it must be excluded. At the Frye hearing, the defense expert did not dispute that a forensic odontologist could recognize an injury as a bite mark, and the studies cited in defendant's renewal motion did little, if anything, to undermine that conclusion. In any event, any error in admitting the limited bite mark evidence at trial was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
The court correctly declined to submit the lesser included offense of manslaughter in the first degree. There was no reasonable view of the evidence, viewed most favorably to defendant, that he committed the lesser offense but not the greater. The number and force of the blows that defendant inflicted on the victim, accompanied by manual choking, and strangling her with some kind of ligature, foreclosed [*2]any reasonable possibility that defendant intended only to inflict serious injury and not death.
Defendant did not preserve his challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 22, 2022